**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Dmitry Volovik,**

**Plaintiff,**

**v.**

**Chiron Corporation, a Delaware corporation; and Bayer Corporation, an Indiana corporation,**

**Defendants.**

**CIVIL FILE NO. 01-CV-1426 MJD/JDL**

**PROTECTIVE ORDER**

## PROTECTIVE ORDER

Plaintiff Dmitry Volovik ("Volovik"), and Defendant Bayer Corporation ("Bayer"), each asserts that it possesses information relating to the subject matter of this action which it deems is confidential and proprietary. Both parties recognize that in the course of discovery proceedings it may be necessary to disclose to the other party certain of the asserted confidential and proprietary information, but each wishes to ensure that such asserted confidential and proprietary information shall not be used for any purpose other than this action, and shall not be made public by another party, or be otherwise disseminated by another party, beyond the extent necessary for purposes of this action.

Accordingly, the following procedure shall be adopted for the protection of confidential and proprietary information:

2309946.1

APR 03 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

**Definitions**

1. For purposes of this Order, CONFIDENTIAL INFORMATION means any document, tangible thing, transcript of oral testimony or recorded statement of counsel and the content of such document, thing, transcript or statement designated by any party as confidential because it contains or is a trade secret or other confidential research, development, or commercial information as those terms are used in Fed. R. Civ. P. 26(c)(7). By way of example, and not limitation, CONFIDENTIAL INFORMATION may be included in documents, portions of documents, transcripts, answers to interrogatories, briefs, summaries, notes, abstracts, motions, drawings and any instrument which comprises, embodies or summarizes matter which any party considers confidential and desires not to be made public.

2. By way of example and without any limitation, the term "documents" shall include but not be limited to tangible things, correspondence, memoranda, bulletins, circulars, advertisements, catalogs, publications, or other printed matter, interoffice and/or intracorporate communications, minutes, telegrams, letters, statements, canceled checks, contracts, invoices, drafts, maps, charts, books of accounts, work sheets, notes of conversations, desk diaries, appointment books, expense accounts, recordings, specifications, photographs, motion pictures, compilations from which information can be obtained and translated as required through detection devices into reasonably usable form, sketches, drawings, notes (including laboratory notebooks and records), blueprints, disclosures, models, data, reports, work assignments, instructions and other writings.

**Designation of Information**

3. It is contemplated that one or more of the parties will make available certain of its files for inspection by the other party, which files may contain confidential as well as nonconfidential material, and that following such inspection an inspecting party will designate documents to be copied and the copies furnished or produced to it. All documents and their contents made available for such inspection shall be assumed to be CONFIDENTIAL INFORMATION and shall be treated as such until the producing party has had the opportunity to designate and mark selected furnished documents as CONFIDENTIAL INFORMATION according to paragraph 4 hereof.

4. Whenever a document or thing produced by any party involves a disclosure of information which the producing party deems to be CONFIDENTIAL INFORMATION which it wishes to be made subject to this Protective Order, the producing party shall designate confidentiality by marking the document or thing **"(Volovik or Bayer) CONFIDENTIAL INFORMATION Civ. No. 01-CV-1426 MJD/JDL"** at the time it is turned over to the receiving party. Any copy made of such document or thing or any abstract, summary or memorandum embodying information designated pursuant to this Order shall bear on its face the legend **"(Volovik or Bayer) CONFIDENTIAL INFORMATION Civ. No. 01-CV-1426 MJD/JDL."**

5. Designations of CONFIDENTIAL INFORMATION shall constitute a representation that a producing party's attorney has reviewed the information and has a reasonable belief for such designation. If a document or thing to be produced cannot be conveniently designated in the manner set forth above, the producing party shall inform the receiving party of the designation in writing. The designation of information as confidential, pursuant to this Order, shall not be construed as a

concession by a Producing Party that such information is relevant or material to any issue or is otherwise discoverable, or by a Receiving Party that such information is, in fact, a trade secret or confidential research, development, or commercial information.

6. If, during the course of discovery in this action, the parties hereto, or their representatives, are authorized to inspect another party's facilities, or processes of product manufacture, any documents or things generated as a consequence of any such inspection shall be deemed by the inspecting party, subject to the other provisions of this Order, to comprise or to be CONFIDENTIAL INFORMATION and shall be treated as such.

7. Whenever a deposition taken on behalf of any party hereto involves a disclosure of CONFIDENTIAL INFORMATION of another party, the following procedure shall be implemented:

(a) At the request of the party whose CONFIDENTIAL INFORMATION is subject to disclosure, the reporter shall be directed to bind those portions of the transcript containing CONFIDENTIAL INFORMATION separately. Such request shall be made on the record whenever possible, but any party may appropriately designate portions of the transcript of depositions as containing CONFIDENTIAL INFORMATION after transcription as in the case of any other document or tangible thing, provided that written notice of such designation is promptly given to the other party. Following such notice, the parties shall confer as to the most convenient way to segregate the designated portions of this transcript. The parties shall not disseminate a deposition transcript or the contents thereof beyond the class of persons designated in paragraphs 9-14 hereof for a period of two (2) weeks after

receipt in order to give adequate time for such notice, except that portions of transcripts may be filed under seal with the Court in connection with these proceedings at any time.

(b) The cover of that portion of any deposition transcript which contains testimony which has been designated CONFIDENTIAL INFORMATION shall be prominently marked with the legend referred to in paragraph 4. All portions of deposition transcripts hereinafter taken in this matter when designated as CONFIDENTIAL INFORMATION shall be sealed and dissemination of such transcript portion or the content thereof shall be limited to the persons identified in paragraphs 9-14 hereof.

8. In the event that any documents which have been designated CONFIDENTIAL INFORMATION are included with or the contents thereof are in any way disclosed in any pleading, motion, deposition transcript, or other paper filed with the clerk of the court, such documents and related materials shall be filed with the clerk of the court, in accordance with Local R. Civ. P. 7(f), in sealed envelopes prominently marked with the caption of this case, the identity of the party filing the envelope, and the notation:

**CONFIDENTIAL INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**
**DATED __________**
**Civ. File No. 01-CV-1426 MJD/JDL**
**THIS ENVELOPE IS NOT TO BE OPENED NOR THE CONTENTS THEREOF DISPLAYED, COPIED OR REVEALED, EXCEPT BY COURT ORDER OR BY AGREEMENT OF THE PARTIES**

This shall not prevent a similarly marked second copy of any pleading or paper specifically intended for review by the Court from being hand-delivered to the Court's chambers in order to ensure that the same is brought promptly to its attention.

**Persons Authorized To Receive Confidential Information**

9. The following definitions shall be applicable:

a. "Volovik" shall mean Dmitry Volovik the named plaintiff in this action;

b. The term "Counsel" shall mean: attorneys for the parties, including supporting personnel employed by the attorneys, such as patent agents, paralegals, legal translators, legal secretary, legal clerk and shorthand reporter, or an independent legal translator retained to translate in connection with this action, or an independent shorthand reporter retained to record and transcribe testimony in connection with this action, or a contract attorney or paralegal retained by counsel for a party. The term "counsel" shall include:

(1) For plaintiff: Robins, Kaplan, Miller & Ciresi L.L.P.;

(2) For defendants: Woodcock Washburn LLP and Dorsey & Whitney LLP;

(3) In-house attorneys regularly employed by a party who have executed a secrecy agreement attached as attachment A which states that he or she has read and understands this Order and agrees to be bound by its terms. A receiving party's outside counsel shall retain any such executed secrecy agreements, and they need not be disclosed to the Producing Party unless the Producing Party requests a copy of such agreements.

(4) Additional outside counsel, to whom no reasonable objection is presented, and who may be designated from time to time by the parties as additional firms entitled to receive Confidential Information pursuant to this Order.

c. "Employee" shall refer to current employees of defendant Bayer Corporation and former employees of Chiron Diagnostics Corporation, who have executed a secrecy agreement as set

forth in attachment A, which states that he or she has read and understands this Order and agrees to be bound by its terms. A receiving party's outside counsel shall retain any such executed secrecy agreements, and they need not be disclosed to the Producing Party unless the Producing Party requests a copy of such agreements.

d. The term "expert" shall mean any person, including but not limited to a proposed expert witness, consultant, or consulting firm, with whom counsel may deem it necessary to consult concerning technical, economic, financial, or other aspects of this case for the preparation of these actions. Experts may include individuals who may have had prior consulting arrangements with or were prior employees of competitors of the Producing Party, so long as there is conformance with the requirements of paragraph 11 herein.

e. The term "data processing assistant" means any person who is a member of an independent data entry or data processing staff employed or retained by a Receiving Party or its counsel and who is assisting in the development or use of data retrieval systems in connection with these actions.

f. The term "qualified recipient" means any person qualified under this Order to receive Confidential Information.

10. Outside counsel for a Receiving Party and the Court shall have access to the Producing Party's Confidential Information. Provided they have executed a secrecy agreement and agreed to be bound by all aspects of this protective order, Volovik, a Receiving party's in-house counsel, and employees shall have access to a Producing Party's confidential information.

11. Confidential Information of a Producing Party, and such copies as are reasonably necessary to trial preparation, may be furnished and disclosed to experts. All experts must be approved in writing by the other party. Each party shall provide a curriculum vitae, a list of all prior consulting arrangements, and a signed copy of the Secrecy Agreement (Exhibit A) for each proposed expert to the Producing Party in conformance with paragraph 14. The parties shall be allowed to disclose Confidential Information to such experts unless within seven (7) business days after the identity information, curriculum vitae and signed Secrecy Agreement has been provided to the Producing Party, the Producing Party objects to the disclosure of Confidential Information to the particular expert. If the objections are not resolved by the parties, the Producing Party has 14 days (two calendar weeks) from the time the Receiving Party notifies the Producing Party that it disagrees with the Producing Party's objections to raise its objections with the Court. If an objection to an expert is made and the objections are brought to the Court's attention within the previously described fourteen days, the producing party's confidential information shall not be provided to the objected to expert until approval is granted by the Court or the parties resolve the matter. If an objection to an expert is made and the producing party fails to bring the objections before the Court within the previously described fourteen days, the receiving party may show the producing party's confidential information to its expert, and the producing party will be deemed to have waived its objections. The producing party will not, however, be deemed to have waived any objection it did not have actual knowledge of at the time it failed to raise the objections with the Court.

12. Should counsel for a Receiving Party find it necessary, in the preparation for trial of this action, to disclose a Producing Party's Confidential Information to a data processing assistant, contract attorney or temporary paralegal, counsel for the Receiving Party shall first obtain from such

data processing assistant, contract attorney or temporary paralegal a Secrecy Agreement, in the form attached hereto as Attachment A stating that he or she has read and understands this Order and agrees to be bound by its terms. Such written Agreement shall be retained by counsel for the Receiving Party and need not be disclosed to the Producing Party unless the Producing Party requests a copy of any such agreements.

13. Outside document copying services and/or document coding or computerization services shall be permitted access to confidential information, without the need for the completion of a Secrecy Agreement (exhibit A).

14. A Receiving party may make a written request for the Producing Party's approval to permit the Receiving Party to disclose Confidential Information to a person not otherwise qualified under this Protective Order to receive Confidential Information. Any written request pursuant to this paragraph must include a statement as to the identity, occupation, title, business address, and a signed copy of the Secrecy Agreement (attached as Exhibit A). The Producing Party shall have seven (7) business days after receipt of the request to approve or disapprove of the request in writing. A Receiving Party may not disclose Confidential Information to any such person unless one of the following occurs:

(1) The Producing Party approves of such disclosure in writing;

(2) Seven (7) days passes after the request by the Receiving Party without a statement in writing by the Producing Party; or

(3) The Court orders such disclosure to take place.

**Information Designated Improperly**

15. The restrictions set forth in any of the preceding paragraphs shall not apply to:

(a) any information which after disclosure becomes available to the public through no act, or failure to act, on behalf of the receiving party, its counsel or independent consultant; and

(b) any information which the receiving party, its counsel or independent consultants can show (i) was already known to the receiving party from legitimate sources, (ii) was independently developed by the receiving party, (iii) was obtained from the furnishing party without having been identified as CONFIDENTIAL INFORMATION (subject to the provisions and circumstances provided for in paragraph 19 hereof), or (iv) was received after the time of disclosure hereunder from a third party having the right to make such disclosure and was not required to be held in confidence; or (v) was in the public domain at the time of its disclosure to the receiving party.

16. The receipt of any document, thing or response to any interrogatory designated as CONFIDENTIAL INFORMATION by a party shall not be construed as agreement by any other party that any such document, thing or response to an interrogatory is in fact confidential, and shall not operate as a waiver of any party's right to challenge any such designation as provided herein.

17. The parties shall act in good faith in designating CONFIDENTIAL INFORMATION. In the event of any dispute with respect to the propriety or correctness of the designation of information, including testimony and documents, as CONFIDENTIAL INFORMATION, the parties shall attempt to resolve the dispute by negotiation. If such negotiations fail to resolve the dispute,

any party wishing to challenge the designation may file a motion for an appropriate order. The information shall be treated as confidential until the issue is resolved.

18. No party shall be obligated to challenge the propriety or correctness of the designation of information as CONFIDENTIAL INFORMATION and a failure to do so shall not preclude a subsequent challenge to such status. The burden of proof with respect to the propriety or correctness in the designation of information as CONFIDENTIAL INFORMATION shall rest on the designating party, except that the burden of proving the exceptions set forth in paragraph 15 shall rest on the party asserting the exceptions. A failure of a receiving party to challenge a designation shall not constitute a waiver of the right to assert at any subsequent time that the designation is improper.

19. (a) If a furnishing party inadvertently discloses to a receiving party any document, thing or information containing information that the furnishing party deems confidential without designating it as CONFIDENTIAL INFORMATION, the furnishing party shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing and the receiving party shall thereafter treat the document, thing or information as CONFIDENTIAL INFORMATION under this Order. To the extent such document, thing or information may have been disclosed to persons other than authorized persons described in this document, the receiving party shall make every reasonable effort to retrieve the document, thing or information promptly from such persons and to limit any further disclosure to unauthorized persons.

(b) If a producing party inadvertently discloses to a receiving party information that is privileged or otherwise immune from discovery, said producing party shall upon

discovery of such disclosure so advise the receiving party in writing and request that the item or items of information be returned, and no party to this action shall thereafter assert that such disclosure waived any privilege or immunity. It is further agreed that the receiving party will return such inadvertently produced item or items of information and all copies thereof within ten (10) days of the earliest of (a) discovery by the receiving party of its inadvertent production, or (b) receiving a written request for the return of such item or items of information. The party having returned such inadvertently produced item or items of information may thereafter, without asserting waiver because of inadvertent production, seek production of any such documents in accordance with the Federal Rules of Civil Procedure.

20. Promptly upon completion of the litigation, defendant shall return to plaintiff or destroy all documents designated by plaintiff as CONFIDENTIAL INFORMATION and all copies thereof and shall destroy all extracts, excerpts and summaries of data from such documents, and plaintiff shall return to defendant or destroy all documents designated by defendant as CONFIDENTIAL INFORMATION and all copies thereof and shall destroy all extracts, excerpts and summaries of data from such documents. Notwithstanding the foregoing, one outside law firm for each party shall be entitled to maintain one set of all transcripts, pleadings, exhibits, documents, physical objects, and other things which were received from the Producing Party or introduced at trial of these actions.

21. Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or relief from this Protective Order with respect to particular material designated hereunder.

22. Each of the parties named above and their counsel of record undertakes to abide by and be bound by its provisions and to use due care to see that its provisions are known and adhered to by those under its supervision or control. Confidential Information shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not entitled to receive such information as herein provided. All produced Confidential Information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

23. Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all Confidential Information of which such person has prior knowledge. Without in any way restricting the foregoing:

a. A present director, officer, agent and/or employee of a Producing Party may be examined and may testify concerning all Confidential Information which has been produced by that party;

b. A former director, officer, agent and/or employee of a Producing Party may be interviewed, examined and may testify concerning all Confidential Information of which he or she has prior knowledge, which has been produced by that party and which pertains to the period or periods of his or her employment; and

c. Non-parties may be interviewed, examined and may testify concerning any document containing Confidential Information of a Producing Party which appears on its face or from other documents or testimony to have been received from or to the non-party as a

result of any contact or relationship with the Producing Party, or a representative of such Producing Party.

If an interview or examination concerns Confidential Information, any person other than the witness, his or her attorneys, and any person qualified to receive Confidential Information under this Order shall be excluded from the portion of the examination or interview concerning such information, unless the producing Party consents to persons other than qualified recipients being present at the interview or examination. If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the interview or examination, the attorney will be requested to provide a Secrecy Agreement, in the form of Attachment A hereto, that he or she will comply with the terms of this Protective Order and maintain the confidentiality of Confidential Information disclosed during the course of the interview or examination. In the event that such attorney declines to sign such a Secrecy Agreement, prior to the interview or examination, the parties, by their attorneys, will jointly seek a further protective order from the Court prohibiting such attorney from disclosing such Confidential Information.

24. Nothing in this Order shall prohibit the transmission or communication of Confidential Information between or among qualified recipients by hand-delivery, face-to-face conference, or

a. in sealed envelopes or containers via the mails or an established freight, delivery or messenger service; or

b. by telephone, telegraph, facsimile or other electronic transmission system; if, under the circumstances, there is not reasonable likelihood that the transmission will be intercepted or misused by any person who is not a qualified recipient.

25. Confidential Information shall not be copied or otherwise reproduced by a Receiving Party, except for transmission to qualified recipients, without the written permission of the Producing Party, or in the alternative, by further order of the Court. Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests and analyses of Confidential Information for use in connection with these actions and such working copies, abstracts, digests and analyses shall be deemed Confidential under the terms of this order. Further, nothing herein shall restrict a qualified recipient from converting or translating Confidential Information into machine readable form for incorporation into a data retrieval system used in connection with these actions, provided that access to Confidential Information, in whatever form stored or reproduced, shall be limited to qualified recipients.

26. Nothing herein shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to these actions, and in the course thereof, from generally referring to or relying upon Confidential Information. In rendering advice or otherwise communicating with his or her client, counsel shall not disclose the specific content of any Confidential Information where such disclosure would not otherwise be permitted under the terms of this Order.

27. This Order shall be without prejudice to the right of any party to oppose production of any information for lack of timeliness or relevance or any other ground other than, the presence of Confidential Information.

28. Any of the notice requirements herein may be waived, in whole or in part, but only by a writing signed by the attorney of record for the party against whom such waiver will be effective.

29. This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires.

30. Counsel should address in the pretrial order how they propose to handle the use of Confidential Information at trial.

31. Third parties who produce information in this Action may avail themselves of the provisions of this Protective Order and Discovery Material produced by third parties shall be treated by the parties in conformance with this Protective Order.

FOR PLAINTIFF
DMITRY VOLOVIK

By: ______________________

Thomas L. Hamlin (#40216)
Katie Crosby Lehman (#257357)
Becky R. Thorson (#254861)
Christopher A. Seidl (#313439)
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
(612) 349-8500

FOR DEFENDANT
BAYER CORPORATION

By: ______________________

Craig D. Diviney
William A. Dossett
DORSEY & WHITNEY LLP
50 South 6th Street, Ste 1500
Minneapolis, MN 55402-1498

Dale M. Heist
Gary H. Levin
Albert J. Marcellino
Michael J. Bonella
WOODCOCK WASHBURN LLP
One Liberty Place 46th Floor
17th and Market Streets
Philadelphia, PA 19103
215-568-3100

IT IS SO ORDERED this 3 day of April, 2002

______________________

2309946.1

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**FOURTH DIVISION**
**CIVIL FILE NO. 01-CV-1426 MJD/JDL**

| | |
|---|---|
| Dmitry Volovik,<br>Plaintiff,<br>v.<br>Chiron Corporation, a Delaware corporation; and Bayer Corporation, an Indiana corporation,<br>Defendants. | **AGREEMENT TO PROTECT CONFIDENTIAL INFORMATION** |

I have been requested by counsel for (Dmitry Volovik or Bayer Corporation) to assist counsel with certain material which I have been informed is Confidential Information within the terms of the Protective Order issued by the Court in the above-entitled action.

1. I have read the Protective Order dated __________________ entered in this action and I agree not to disclose any information designated as CONFIDENTIAL INFORMATION and not to use such information other than in assisting counsel for (Dmitry Volovik or Bayer Corporation).

2. I hereby agree to submit to the jurisdiction of the United States District Court for the District of Minnesota for enforcement of the undertakings I have made here and I appoint ____________________________ (counsel for the party requesting assistance) as my agent to receive the service of process in that connection.

Date: ____________________

Signed: ______________________________

Printed Name: ________________________

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

FORMS\PROTECOR.NOT
Rev. 8/10/01