**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**DMITRY VOLOVIK,**

Plaintiff,

v.

**BAYER CORPORATION, an Indiana Corporation,**

Defendant.

Civil No. 01-1426 (JEL/JGL)

**REPORT AND RECOMMENDATION**

---

APPEARANCES

Becky Thorson, Esq., for Plaintiff

William Dossett, Esq., and Dale Heist, Esq., for Defendants

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on July 24, 2002 on Plaintiff's Motion to Strike Bayer Corporation's Affirmative Defense of Lack of Standing (Doc. No. 29). The case has been referred to the undersigned for resolution of non-dispositive pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1. This dispositive motion is before the Court pursuant to an Order of Referral dated July 2, 2002 by the Honorable Joan E. Lancaster.

FILED 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## I. STANDARD OF REVIEW

Plaintiff Dmitry Volovik ("Volovik") moves to strike the affirmative defense of lack of standing of Defendant Bayer Corporation ("Bayer") pursuant to Federal Rule of Civil Procedure 12(f). Rule 12(f) states:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Fed. R. Civ. P. 12(f). "Because the rule is stated in the permissive, . . . it has always been understood that the district court enjoys 'liberal discretion' thereunder." Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000) (citations omitted). Furthermore, motions to strike "are viewed with disfavor and are infrequently granted." Lunsford v. United States, 570 F.2d 221, 229 (8th Cir. 1977) (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 at 783 (1969)). A court should use the following standard to test the sufficiency of a defense: "A motion to strike a defense will be denied if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear." Id. (citing 2A Moore's Federal Practice ¶12.21 at 2437 (2d ed. 1975)).

Rule 12 governs motions for judgment on the pleadings, as evidenced by its caption, and therefore, a court must decide a Rule 12(f) motion

on the basis of the pleadings alone. See also Krauss v. Keibler-Thompson Corp., 72 F.R.D. 615, 617 (D.C. Del. 1976); Ciprari v. Servicos Aereos Cruzeiro do sul, S.A., 245 F. Supp. 819, 820 (S.D.N.Y 1965). As Krauss notes, while Rule 12(b) and (c) provide for conversion of a motion to dismiss into a motion for summary judgment when matters outside the pleadings are considered, Rule 12(f) has no such provision. See 72 F.R.D. at 617. Furthermore, entertaining a partial motion for summary judgment would be injudicious at this time considering that the parties are currently engaging in discovery which may yield more facts relevant to the merit of the defense. Therefore, the Court will determine on the face of the pleadings whether Bayer's affirmative defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear.

## II. RELEVANT FACTS

Volovik filed his first Complaint on August 7, 2001, and a Second Amended Complaint on February 6, 2002, alleging patent infringement. The following facts are taken from the Second Amended Complaint. Volovik is the owner of U.S. Patent No. 5,540,562 ("the 562 patent"), which is a pump for use and sale in the medical diagnostics market. The pumps cause aspiration, dilution, dispensing, and measuring or adding of samples, reagents, liquids, and other supplies. Bayer's immunoassay system, the Centaur, allegedly infringes one or more of the claims of the 562 patent.

Bayer filed its Answer to the Second Amended Complaint on February 20, 2002, in which it made several affirmative defenses including the following: "Volovik does not have all substantial rights under the 562 Patent. Volovik lacks standing to bring an action for infringement of the 562 Patent, and the Court therefore lacks jurisdiction over the subject matter of Volovik's claim." In the present motion, Volovik contends that this defense is insufficient as a matter of law.

## III. CONCLUSIONS OF LAW

Bayer first attacks Volovik's motion as untimely because he did not file the motion to strike before filing his responsive pleading, as required by Rule 12(f). The Court agrees, but the majority of cases addressing this issue find that because Rule 12(f) permits a court to entertain a motion to strike on its own initiative, the untimeliness of the motion is not fatal to it. See, e.g., Krauss, 72 F.R.D. at 617. Therefore, the motion to strike should not be denied merely because it was untimely filed.

However, Volovik's motion to strike should be denied on the grounds that the defense is sufficient on its face as a matter of law. Upon examination of Bayer's Answer, the only issue that Volovik can raise is whether "lack of standing" is a legally sufficient defense to a patent infringement claim. First, Volovik never asserts that "lack of standing" is an insufficient defense to

a patent infringement claim.[1] Second, there is abundant authority that "lack of standing" is a legally sufficient defense to patent infringement. See, e.g., Indep. Wireless Tel. Co. v. Radio Corp. of Am., 269 U.S. 459, 466-68 (1926); H.R. Tech., Inc. v. Astechnologies, Inc., 275 F.3d 1378, 1384 (Fed. Cir. 2002); Rite-Hite Corp. v. Kelley Co., Inc., 56 F.3d 1538, 1551 (Fed. Cir. 1995); Arachnid, Inc. v. Merit Indus., Inc., 939 F.2d 1574, 1577-82 (Fed. Cir. 1991); Schneider (Europe) AG v. Scimed Life Sys., Inc., No. 3-91 CIV 241, 1993 WL 463204, at **3-6 (D. Minn. May 14, 1993). In conclusion, the Court finds that the defense of "lack of standing" is a legally sufficient defense to a patent infringement claim. The District Court should exercise its discretion and deny Volovik's motion to strike.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff Dmitry Volovik's Motion to Strike

---

[1] Volovik does contend that Bayer is not permitted as a matter of law to argue that the transfer of the 562 patent from a company named Ashirus to Volovik was an ultra vires act. However, Bayer's Answer does not plead this specific defense, and the term "ultra vires" is not mentioned in any of the pleadings. Thus, to consider this argument would require the Court to look beyond the pleadings, which the Court has already determined would be improper for at least two reasons.

Defendant Bayer Corporation's Affirmative Defense of Lack of Standing (Doc. No. 29) should be **DENIED**.

Dated: July 29, 2002

JONATHAN LEBEDOFF
Chief United States Magistrate Judge

Under D. Minn. LR 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by August 16, 2002, written objections which specifically identify those portions of this Report to which objections are being made and the basis of those objections. A party may respond to the objecting party's brief within ten days after being served with it. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.