**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**DMITRY VOLOVIK,**

Plaintiff,

v.

**BAYER CORPORATION, an Indiana Corporation,**

Defendant.

---

Civil No. 01-1426 (JEL/JGL)

**ORDER**

APPEARANCES

Thomas L. Hamlin, Esq., and Katie Crosby Lehmann, Esq., for Plaintiff

Craig D. Diviney, Esq., Dale Heist, Esq., and Gary Levin, Esq., for Defendant

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on October 10, 2002 on Defendant's Expedited Motion to Depose Plaintiff's Expert Dr. Durfee (no Doc. No). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

Defendant filed an early motion for summary judgment, during fact discovery and before expert discovery began, even though the deadline for filing dispositive motions is not until July 1, 2003. In Plaintiff's response to Defendant's motion, Plaintiff submitted an expert declaration from a Dr.

FILED ______
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

Durfee. Defendant now asks the Court for permission to depose Dr. Durfee before filing its reply memorandum.

Defendant's motion is denied. First, Defendant provided no legal basis for its unusual request. Defendant cited one case, United States v. Hooker Chemicals & Plastics Corp., 112 F.R.D. 333, 339 (W.D.N.Y. 1986), for the proposition that a party moving for summary judgment has the right to depose the non-moving party's expert when that expert's report is submitted in response to a motion for summary judgment. In fact, Hooker Chemicals held that the party responding to a motion for summary judgment may depose the moving party's expert when the moving party submits an affidavit in conjunction with its motion. Thus, the case is factually distinguishable in that the parties' positions in this case are reversed. In addition, the court in Hooker Chemicals agreed with the moving party that the affidavit set forth new and critical evidence so that it would be "manifestly unfair" not to allow the deposition. Defendant does not contend that Dr. Durfee's declaration is as significant, but merely that it wants to clarify some of Dr. Durfee's opinions. Unlike the court in Hooker Chemicals, this Court finds that the deposition is not warranted, specifically considering that Defendant has submitted its own expert affidavit in support of the motion for summary judgment. Merely because Dr. Durfee's declaration may have created a factual dispute which

would be fatal to Defendant's motion is not reason enough to allow the deposition at this stage of the summary judgment briefing schedule.

Second, Defendant's factual basis for its request – that Dr. Durfee's declaration is "unclear" in several respects – is not a sufficiently compelling reason to allow the deposition. Defendant will have the opportunity to explain to the District Court why it should disregard the declaration on this basis in its reply memorandum. As previously mentioned, Defendant has submitted an affidavit from its own expert, and this expert could presumably illustrate the deficiencies with Dr. Durfee's declaration.

Third, the Court finds persuasive Plaintiff's arguments opposing the deposition. Specifically, Federal Rule of Civil Procedure 26(b)(4)(A) permits a party to "depose any person who has been identified as an expert whose opinions may be presented at trial" after the expert report has been provided. Here, Plaintiff has not identified Dr. Durfee as an expert whose opinions may be presented at trial, and Dr. Durfee has not provided an expert report as contemplated by the Rule. In addition, permitting Defendant to depose Dr. Durfee at this stage of the litigation would disrupt the orderly process of discovery. The period for expert discovery does not end until May 1, 2003, and Defendant will have ample opportunity to depose Dr. Durfee if he is designated as an expert in this case. More importantly, the Court does not endorse the idea of permitting depositions of individuals who submit affidavits either in

support of or in opposition to motions for summary judgment as a matter of course. As a practical matter, if a party were to take full advantage of such a precedent and depose all such individuals, the briefing schedule for summary judgment motions could not be met.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Expedited Motion to Depose Plaintiff's Expert Dr. Durfee (no Doc. No) is **DENIED**.

Dated: October 10, 2002

JONATHAN LEBEDOFF
Chief United States Magistrate Judge