**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**DMITRY VOLOVIK,**

Plaintiff,

v.

**BAYER CORPORATION, an Indiana Corporation,**

Defendant.

Civil No. 01-1426 (JEL/JGL)

**O R D E R**

APPEARANCES

Thomas Hamlin, Esq., and Katie Crosby Lehmann, Esq., for Plaintiff.

Gary Levin, Esq.(telephonically) and William Dosset, Esq., appeared for Defendants.

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on January 14, 2002, on Plaintiff's Motion For Protective Order Pursuant to Rule 26(c)(1) (Doc. No. 103) and on Defendant's Motion for Leave to Take Two Additional Depositions. The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

On December 20, 2002, the date of the close of discovery in this case, Defendant served on Plaintiff the deposition notices of fact witnesses Chul Shon and Jim Jones. Defendant claims that these witnesses only became known to it by December 13, 2002, and that Defendant acted promptly to

FILED JAN 1 5 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

arrange the depositions and seek an extension of time from Plaintiff to take them. On December 19, 2002, Plaintiff declined to allow Defendants extra time to take the depositions.

Plaintiff moves the Court for an order prohibiting the depositions as being past the close of discovery. Plaintiff further argues that the depositions sought are cumulative, burdensome and disruptive of the discovery and expert schedule in this case. Defendant has apparently filed a cross motion to allow the two depositions, which it claims it can complete in the month of January and will take no longer than two hours each. Defendant further notes that these witnesses may be fact witnesses for trial, but they reside outside the subpoena power of this Court, making their depositions potentially critical for Defendant.

Although this Court is disturbed by the late service of deposition notices and admonishes the parties to be vigilant in adhering to this Court's pretrial schedule, this Court finds that good cause exists to allow the noticed depositions to go forward. Given the limited scope of the depositions and the significance of issues and resources in this litigation, this Court believes that any burden caused by these depositions is minimal and is outweighed by the potential prejudice to Defendant if they are not allowed. As such, Defendant shall be allowed to take the depositions, not to exceed two hours in length

apiece, of fact witnesses Chul Shon and Jim Jones, by no later than the first week of February, 2003.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Protective Order Pursuant to Rule 26(c)(1) (Doc. No. 103) is **DENIED** and Defendant's Motion For Leave to Take Two Additional Depositions is **GRANTED** as set forth above.

Dated: January 14, 2003

JONATHAN LEBEDOFF
Chief United States Magistrate Judge