UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Dmitry Volovik,

Plaintiff,

v.

Civ. No. 01-1426 (JEL/JGL)
ORDER

Bayer Corporation,

Defendant.

The Court heard argument on Defendant Bayer Corporation's Motion for Summary Judgment in November 2002. Bayer now moves for permission to file a supplemental memorandum and a declaration of Albert J. Marcellino. Plaintiff Dmitry Volovik's opposition to Bayer's motion includes a memorandum and the supplemental affidavit of Katie Crosby Lehmann. The Court grants Bayer permission to file its supplemental memorandum and Marcellino's declaration, and grants Volovik permission to file Lehmann's supplemental affidavit and the memorandum in opposition to Bayer's motion. *See* D. Minn. R. 7.1(f) ("Except with express permission of the Court, no memoranda of law will be allowed except as provided in these rules."). Therefore, IT IS ORDERED THAT:

1. Defendant Bayer's Motion for Leave to File a Supplemental Declaration and Memorandum in Support of Bayer's Motion for Summary Judgment of Patent Invalidity [Docket No. 108] is GRANTED.

2. Plaintiff Volovik is granted permission to file Lehmann's supplemental affidavit and the memorandum in opposition to Bayer's motion.

Dated: January 16, 2003

JOAN ERICKSEN LANCASTER
United States District Judge

FILED JAN 16 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTERED
DEPUTY CLERK'S INITIALS

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500

## NOTICE

The latest amendments to the federal rules of procedure, (Civil, Criminal, Appellate and Bankruptcy), went into effect on December 1, 2002. The new amendments and related committee notes can be found at www.uscourts.gov/rules/amendments0202.htm.

One change is particularly noteworthy. That is Rule 7.1 of the Federal Rules of Civil Procedure. This rule requires that corporations file a "disclosure statement" whenever they initially appear as a party in a federal court action. The Rule 7.1 Disclosure Statement must identify "any parent corporation and any publicly held corporation that owns 10% or more" of the stock of the corporate party filing the statement. The purpose of the disclosure statement is to help judges and magistrate judges identify potential conflicts of interest. (Similar disclosure statement requirements are prescribed by Rule 26.1 of the Federal Rules of Appellate Procedure and Rule 12.4 of the Federal Rules of Criminal Procedure.)

Beginning December 1, 2002, a Rule 7.1 Disclosure Statement must be filed by every corporation when it first appears in a federal action, even if the corporation merely reports that there is no parent corporation or publicly held corporation that owns 10% or more of its stock. These Disclosure Statements must also be filed retroactively, for every corporation which is a party to an action pending in this District as of December 1, 2002. The retroactive Rule 7.1 statements must be filed immediately.

It also should be noted that there have been extensive stylistic changes, (as well as a few substantive changes), to the Federal Rules of Criminal Procedure. Attorneys who appear in federal criminal cases should review the amended version of the Rules.