**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**DMITRY VOLOVIK,**

Plaintiff,

v.

**BAYER CORPORATION, an Indiana Corporation,**

Defendant.

---

Civil No. 01-1426 (JNE/JGL)

**ORDER**

APPEARANCES

Thomas L. Hamlin, Esq., for Plaintiff

Gary Levin, Esq., and William Dossett, Esq., for Defendant

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on July 15, 2003 on Plaintiff's Motion for Leave to Amend Responses to Request for Admission Numbers 7-12 (Doc. No. 140). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

Volovik seeks to amend responses he made to certain requests for admission. Request Numbers 7-12 asked Volovik to admit or deny whether a prototype pump manufactured by Ashirus contained each limitation of claim 1 of the '562 patent, which is the patent at issue in this case. Volovik responded

FILED JUL 15 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ________
DEPUTY CLERK ________

that the Ashirus pump met each element of claim 1. Since Volovik's responses, both parties' experts have opined that the Ashirus pump does not teach the two-port configuration of the '562 pump. Now, Volovik wants to amend his responses so they comport with the experts' opinions.

Bayer opposes Volovik's motion on the grounds that the amendments will prejudice Bayer. Specifically, the amendments would limit the scope of the patent so that it does not cover the Nichols '624 patent, which was a basis for an opinion received in 1997 from Gordon Moriarty advising that the '562 patent was invalid. Bayer is relying on Moriarty's opinion for its advice-of-counsel defense in this case. Volovik's patent expert is expected to testify that Moriarty's opinion is wrong and unreasonable. Using Volovik's original rcsponses, Bayer could rebut this argument by pointing out that Volovik's responses were necessarily based on the same construction of the patent claims as Moriarty's opinion. Thus, Bayer would be prejudiced if it is precluded from informing the jury that Volovik once took the same position in this case.

Federal Rule of Civil Procedure 36(b) permits a party to move the Court to withdraw or amend an admission. However, the Court may permit withdrawal or amendment "when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in

maintaining the action or defense on the merits." Fed. R. Civ. P. 36(b). Here, Bayer has satisfied the court that the amendments will prejudice its case. Volovik's motion is denied.

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Amend Responses to Request for Admission Numbers 7-12 (Doc. No. 140) is **DENIED**.

Dated: July 15, 2003

JONATHAN LEBEDOFF
Chief United States Magistrate Judge