UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Dmitry Volovik,

Plaintiff,

v.

Civ. No. 01-1426 (JNE/JGL)
ORDER

Bayer Corporation,

Defendant.

This is a patent infringement action by Dmitry Volovik, owner of United States Patent No. 5,540,562 ('562 Patent), against Bayer Corporation. On January 7, 2004, the Court issued an Order that, among other things, denied Bayer's motion for summary judgment on patent invalidity or, in the alternative, non-infringment. In a letter dated March 5, 2004, Bayer requested permission to file a motion to reconsider pursuant to D. Minn. L.R. 7.1(g). In that letter, Bayer asserts that reconsideration is necessary to correct two legal errors related to claim construction in the Court's January 7, 2004 Order. Volovik responded to Bayer's letter on March 8, 2004, arguing that Bayer had not demonstrated compelling circumstances to warrant reconsideration.

"Motions to reconsider are prohibited except by express permission of the Court, which will be granted only upon a showing of compelling circumstances." D. Minn. L.R. 7.1(g). A motion to reconsider should not be employed to relitigate old issues but to "afford an opportunity for relief in extraordinary circumstances." *Dale & Selby Superette & Deli v. United States Dept. of Agric.*, 838 F. Supp. 1346, 1348 (D. Minn. 1993).

Bayer seeks to submit a motion to reconsider on two grounds, both of which are related

to the Court's conclusion with respect to the Beckman CX3® pump. In its January 7, 2004 Order, the Court concluded:

> Viewing the evidence in the light most favorable to Volovik and considering the reports from the parties' expert witnesses, a reasonable fact-finder could conclude that the turn-screw configuration in the CX3® pump does not position the piston in the chamber in substantially the same way to achieve substantially the same results as does the means claimed in the fourth element of claim 1 and that claim 1 is limited to one chamber.

(Order at 13-14). The Court will consider each of Bayer's argument in turn.

First, Bayer seeks permission to submit a motion related to the Court's statement about whether claim 1 of the '562 patent is limited to one chamber. Bayer asserts that this is a claim construction issue, which the Court must decide. In response, Volovik asserts that Bayer has not presented any compelling circumstances to justify a motion to reconsider. Volovik also points out that the cases relied upon by Bayer were previously cited to the Court.

Claim construction is a question of law. *Prima Tek II, L.L.C. v. Polypap, S.A.R.L.*, 318 F.3d 1143, 1148 (Fed. Cir. 2003). While the issue of whether claim 1 is limited to one chamber has never been presented specifically to the Court for claim construction, the Court agrees with Bayer that such a determination requires a legal ruling. Accordingly, the Court grants Bayer's request to submit a motion to reconsider with respect to the first issue.[1]

Second, although it does not say so directly, Bayer seeks permission to submit a motion related to the Court's statements with respect to whether a reasonable factfinder could conclude that the CX3® pump positions the piston in the chamber in substantially the same way to achieve substantially the same result as does the means claimed in the fourth element of claim 1. Bayer asserts that the Court made an incorrect determination about the "positioning means" after

---

[1] The Court is setting a briefing schedule on this issue. The parties may agree to an alternative briefing schedule. If they do so, they must inform the Court in writing.

improperly reading Volovik's expert's "turn-nut" limitation into the fourth element of claim 1. In response, Volovik contends that his expert did not read any limitation into claim 1 and that his expert relied on the Court's previous claim construction in explaining the "turn-nut" configuration.

In an Order dated May 12, 2003, the Court determined that the fourth element of claim 1 was a means-plus-function element, and it construed the corresponding structure for the means as "comprising a stepper motor and a lead screw that is connected to the piston, and equivalents thereof." Based on the arguments raised in the parties' letters and a review of the January 7 Order and the file, the Court concludes that this issue has been raised and decided previously. Motions to reconsider should not be used to relitigate old issues. *See Dale & Selby Superette & Deli*, 838 F. Supp. at 1348. Without more, Bayer has failed to come forth with any compelling circumstances with respect to this issue to justify reconsideration. Accordingly, the Court denies Bayer's request with respect to the second issue.

Based on the foregoing, and all the files, records and proceedings herein, IT IS ORDERED that:

1. Bayer's request for permission to file a motion to reconsider is GRANTED IN PART and DENIED IN PART.

2. Bayer is instructed to file its motion to reconsider with respect to the first issue no later than March 19, 2004.

3. Volovik shall file and serve his opposition to Bayer's motion to reconsider no later than April 5, 2004.

4. There will be no reply memorandum and no oral argument on Bayer's motion to reconsider. Each parties' memorandum shall be limited to five (5) pages.

Dated: March 12, 2004

S/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge