UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Dmitry Volovik,<br><br>Plaintiff,<br><br>v.<br><br>Bayer Corporation,<br>an Indiana Corporation,<br><br>Defendant. | ) | Civil Action No.<br>01-CV-1426 JNE/JGL |

**BAYER'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR A STAY PENDING REEXAMINATION OF U.S. PATENT NO. 5,540,562 BY THE U.S. PATENT & TRADEMARK OFFICE**

**Table of Contents**

I. This Patent Infringement Action Should be Stayed Pending the Patent Office's Reexamination of U.S. Patent No. 5,540,562 ..... 1

II. Reexamination Proceedings and the Patent Office's Grant Of Bayer's Request For Reexamination ..... 2

III. Granting A Stay Is Efficient, Will Simplify the Issues, & Will Not Unduly Prejudice Mr. Volovik ..... 4

IV. Conclusion ..... 7

# TABLE OF AUTHORITIES

## FEDERAL CASES

*ASCII Corp. v. STD Entertainment USA, Inc.*,
844 F. Supp. 1378 (N.D. Calif. 1994) ....................................................5

*Emerson Electric Co. v. Davoil, Inc.*,
907 F. Supp. 1303 (E.D. Mo. 1995) ....................................................5

*Emhart Industrial, Inc. v. Sankyo Seiki Manufacturing Co.*,
3 U.S.P.Q. 2d 1889 (N.D. Ill. 1987) ....................................................5, 6

*Gonnocci Revocable Living Trust v Three M Tool & Machine, Inc.*,
68 U.S.P.Q. 2d 1755 (D. Mich. 2003) ....................................................4, 5

*Gould v. Control Laser Corp.*,
705 F.2d 1340 (Fed. Cir. 1983) ....................................................2, 4

*Grayling Ind. v. GPAC Inc.*,
19 U.S.P.Q. 2d 1872 (N.D. Ga. 1991) ....................................................5

*Loffland Brothers Co. v. Mid-Western Energy Corp.*,
225 U.S.P.Q. 886 (W.D. Okla. 1985) ....................................................5, 6

*Methode Electric, Inc. v. Infineon Techs. Corp.*,
*No. C 99-21142*, 2000 U.S. Dist. LEXIS 20689 (N.D. Cal. 2000)..........................4

*Pace setter, Inc. v. Cardiac Pacemakers, Inc.*,
No. 02-1337, 2004 U.S. Dist. LEXIS 2699 (D. Minn. Feb. 19, 2004)................4, 5

*TAP Pharm. Products, Inc. v. Takeda Chemical Industrial, Ltd.*,
70 U.S.P.Q. 2d 1319 (N.D. Ill. 2004) ....................................................4, 5, 6, 7

*Tennant Co. v. Hako Minuteman, Inc.*,
878 F.2d 1413 (Fed. Cir. 1989) ....................................................3, 6

*Xerox Corp. v. 3COM Corp.*,
No. 99-cv-6182, 1999 U.S. Dist. LEXIS 9977 (W.D. N.Y. June 25, 1999) ...........4

## FEDERAL STATUTES

35 U.S.C. § 102(b) ....................................................2

35 U.S.C. §301 ....................................................2, 4

35 U.S.C. §303(a) .......... 2

35 U.S.C. §305 .......... 2

35 U.S.C. §307(a) .......... 2

35 U.S.C. §307(b) .......... 3, 6

37 C.F.R. §1.550(g) .......... 2

**I. This Patent Infringement Action Should be Stayed Pending the Patent Office's Reexamination of U.S. Patent No. 5,540,562**

The Court should stay this patent infringement action pending the Patent Office's reexamination of claim 1 of U.S. Patent No. 5,540,562. On April 8, 2004, the United States Patent and Trademark Office ("Patent Office") granted Bayer's February 18, 2004 request for reexamination of claim 1 of the 562 patent. Reexamination of all claims was ordered because prior art submitted by Bayer "raised substantial new questions of patentability" that were not addressed during the 562 patent's original prosecution not only with respect to claim 1, but also with respect to all of the narrower dependent claims as well (Ex. A. to Bonella Dec.).[1] Thus, the Patent Office is presently reexamining the patentability of all claims of the 562 patent.

A stay pending the outcome of reexamination is warranted for several reasons. First, granting a stay may reduce litigation expenses for both parties and may reduce the burden imposed upon the Court. If the Patent Office cancels claim 1 or deems it unpatentable in its current form, no trial will ever be necessary. But even if claim 1 were somehow to survive reexamination, the invalidity arguments presented at trial will likely be reduced or simplified because the Patent Office's review of printed prior art during the reexamination process may eliminate or simplify the issues for the jury. Secondly, since pre-trial proceedings have not yet begun and trial has not been scheduled, staying this action will not unduly prejudice Mr. Volovik. Conversely, denying a stay could be extremely inefficient and burdensome. For example, if trial were to be conducted with claim 1 in its current form and the Patent Office were to either cancel claim 1 or deem it unpatentable without amendment, trial will have been a complete waste of resources. Thus, this Court should exercise its discretion and stay this action until the Patent Office issues a reexamination certificate.

---

[1] This motion is supported by the Declaration of Michael J. Bonella.

## II. Reexamination Proceedings and the Patent Office's Grant Of Bayer's Request For Reexamination

The Patent Office's reexamination procedure is governed by 35 U.S.C. §§301-307. That procedure provides a mechanism for canceling a patent claim that should never have issued thereby eliminating the need for a trial of such a claim. *See Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir. 1983). With one important exception, the Patent Office reconsiders patentability in a reexamination proceeding in a manner similar to that employed in connection with an originally filed patent application. 35 U.S.C. §305. Unlike examination of original applications, however, the Patent Office may reexamine patentability of a granted patent only on the basis of prior patents and printed publications and may not, for example, reconsider patentability in light of products that may have been in public use or on sale and therefore prior art under 35 U.S.C. § 102(b). *See* 35 U.S.C. §301. Under §303(a), the Patent Office must grant a request for reexamination whenever a "substantial new question of patentability is raised" by prior patents or printed publications. Once the Patent Office begins its reexamination, only the patentee is allowed to participate in the proceeding. 37 C.F.R. §1.550(g). The reexamination requester has no right further right to be heard or to appeal from an adverse Patent Office ruling (*id*.).

At the conclusion of a reexamination proceeding, the Patent Office issues a reexamination certificate. 35 U.S.C. §307(a). Such a certificate may either cancel the reexamined claims, incorporate amendments to the reexamined claims, or confirm the patentability of the original claims over the prior art. *Id.*

Because Bayer uncovered such a wealth of printed prior art in this case that was never previously considered by the Patent Office, and because consideration of so much printed prior art would have been overwhelming to a jury, in February 2004, Bayer asked the Patent Office to

reexamine claim 1 of the 562 patent in light of twelve prior patents (Ex. B to Bonella Dec.).[2] In April 2004, the Patent Office not only granted Bayer's request for reexamination of claim 1 in light of those prior patents, but also ruled that all of the 562 patent claims will be reexamined because the printed prior art cited by Bayer raised substantial new questions of patentability with respect to all claims (Ex. A to Bonella Dec. at 4). The Patent Office found that prior patents cited by Bayer, none of which had been previously considered, disclosed an element of claim 1 that had been missing from the originally considered prior art (*id.* at 3). In particular, the Patent Office found that five of the prior patents "disclose *accurate positioning means in the form of a stepper motor and a screw type drive*, wherein the positioning means is substantially axially aligned with the piston and the chamber" (*id.*) (emphasis supplied).

The Patent Office's reexamination of the 562 patent will likely significantly impact this litigation. If the Patent Office cancels claim 1, as it should, Mr. Volovik's infringement claim will have been extinguished. Further, if Mr. Volovik were to amend claim 1 to avoid the newly considered prior art, his damage claim in the present case will have been extinguished. *See* 35 U.S.C. §307(b); *Tennant Co. v. Hako Minuteman, Inc.*, 878 F.2d 1413, 1417 (Fed. Cir. 1989) (explaining that if the reexamined claim is "not 'identical,' the patentee has no right to recover infringement damages for periods prior to the date that the reexamination certificate issued"). In either case, the parties will be have been spared the substantial expense of a trial.

In the unlikely event, however, that the Patent Office were to confirm the patentability of claim 1 without amendment, a trial would still be required because, by statute, the Patent Office

---

[2] Included with Bayer's reexamination request were five patents that were the subject of Bayer's First Motion for Summary Judgment of Invalidity (D.I. 85). This Court denied that motion because it found that there were factual issues with respect to the teachings of the art and whether Mr. Giter could prove prior invention (D.I. 136). During reexamination, the Patent Office will most likely make it own findings on those factual issues.

may not consider certain types of prior art during reexamination including prior sales of devices. 35 U.S.C. §301. Thus, due to limitations imposed by the reexamination statue, Bayer's reexamination request and the Patent Office's reexamination order did not and could not address patentability in light of the prior art Beckman CX3 pump, the prior Abbott Axsym pump, or the prior Abbott Spectrum pump that were the subject of Bayer's Second Motion for Summary Judgment of Patent Invalidity (D.I. 173). Thus, in the event the Patent Office does not resolve this matter, a trial relating to the validity of claim 1 in light of these prior pumps, and any other issues raised by the reexamination, would still be required. In that event, however, the issues for the jury will likely have been simplified.

Thus, reexamination will likely conclude this action or at least significantly reduce the issues to be resolved at trial.

## III. Granting A Stay Is Efficient, Will Simplify the Issues, & Will Not Unduly Prejudice Mr. Volovik

Determining whether a stay should be granted pending reexamination is a matter within the Court's discretion. *Gould*, 705 F.2d at 1341; *Pace setter, Inc. v. Cardiac Pacemakers, Inc.*, No. 02-1337, 2004 U.S. Dist. LEXIS 2699, at *6 (D. Minn. Feb. 19, 2004). Many courts have recognized the benefits of the Patent Office's reexamination procedure and have stayed litigation pending conclusion of such proceedings.[3] A stay is especially appropriate where, as here, it will

[3] *Pace setter*, 2004 U.S. Dist. LEXIS, 2699, at *6 (granting stay where two of four patents were being reexamined after considering whether there was any undue prejudice, the affect on the litigation, and the stage of the proceedings); *TAP Pharm. Prods., Inc. v. Takeda Chem. Indus., Ltd.*, 70 U.S.P.Q.2d 1319, 1320 (N.D. Ill. 2004) (granting stay pending reexamination because "there is a significant chance that the PTO will either invalidate [the asserted] patent or drastically decrease its scope"); *Gonnocci Revocable Living Trust v Three M Tool & Machine, Inc.*, 68 U.S.P.Q.2d 1755, 1758-59 (D. Mich. 2003) (granting request for stay pending outcome of request for reexamination because the "PTO may resolve any remaining disputes, simplify the issues . . . or encourage settlement"); *Methode Elec., Inc. v. Infineon Techs. Corp.*, No. C 99-21142, 2000 U.S. Dist. LEXIS 20689, at *2 (N.D. Cal. 2000) (granting motion to stay pending reexamination because it furthers the "goals of judicial economy"); *Xerox Corp. v. 3COM*

not unduly prejudice or tactically disadvantage the non-moving party, and will reduce the burden on the parties and the Court. *TAP Pharm. Prods., Inc. v. Takeda Chem. Indus., Ltd.*, 70 U.S.P.Q.2d 1319, 1320 (N.D. Ill. 2004) (granting motion to stay because there was no undue prejudice and it "may limit or narrow the remaining issues"); *Pace setter,* 2004 U.S. Dist. LEXIS 2699, at *9 (granting motion to stay because it will "conserve the parties resources without any undue prejudice").

A stay will not unduly prejudice Mr. Volovik either in his business or in this litigation. Mr. Volovik will suffer no market prejudice from grant of a stay. He neither makes nor sells any products, let alone the patented products. Likewise, Mr. Volovik will suffer no litigation prejudice from a stay given that there has been no exchange of pretrial materials, no submission of a proposed pretrial order, no pretrial conference, and no scheduled trial date. *Gonnocci Revocable Living Trust*, 68 U.S.P.Q.2d at 1756-58 (granting motion to stay presented in August 2003 and finding no undue prejudice where discovery had been completed and trial had previously been scheduled for October 2003 in-part because it protects the parties from having to undergo expensive pre-trial preparations); *Grayling*, 19 U.S.P.Q.2d at 1873 (granting motion to stay and finding no undue prejudice pending request for reexamination even though pre-trial order had been submitted and signed); *Emhart*, 3 U.S.P.Q2d at 1889 (granting motion to stay

---

*Corp.*, No. 99-cv-6182T, 1999 U.S. Dist. LEXIS 9977, at *5 (W.D. N.Y. June 25, 1999) (granting stay pending reexamination); *Emerson Elec. Co. v. Davoil, Inc.*, 907 F. Supp. 1303, 1305 (E.D. Mo. 1995) (granting motion to stay pending reexamination); *ASCII Corp. v. STD Entertainment USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Calif. 1994) (granting motion for stay pending reexamination because a stay "is a sound means by which the court may facilitate resolution of this action"); *Grayling Ind. v. GPAC Inc.*, 19 U.S.P.Q.2d 1872, 1874 (N.D. Ga. 1991) (granting stay pending request for reexamination because any "added expense arising from a stay . . . is greatly outweighed by the increase in efficiency which any PTO determination would bring"); *Emhart Indus., Inc. v. Sankyo Seiki Mfg. Co.*, 3 U.S.P.Q.2d 1889, 1892 (N.D. Ill. 1987) (granting motion to stay pending reexamination because of the many benefits of reexamination); *Loffland Bros. Co. v. Mid-Western Energy Corp.*, 225 U.S.P.Q. 886, 887 (W.D. Okla. 1985) (granting motion to stay pending reexamination).

and finding no undue prejudice where discovery was completed, there was no pre-trial schedule, and no trial date); *Loffland Bros.*, 225 U.S.P.Q. at 886 (granting motion to stay and finding no undue prejudice even though pretrial conference had been held and trial was scheduled). Indeed, a stay may relieve the parties not only of the expense of extensive trial preparations, but also the expense of a trial that may be mooted by reexamination. Thus, granting a stay will not unduly prejudice Mr. Volovik.

Granting a stay will also significantly reduce the litigation burden on the parties and the Court. If claim 1 is canceled or amended, this litigation will be over either because Mr. Volovik's cause of action will have been extinguished or because his damages claim will have become moot. 35 U.S.C. §307(b); *Tennant*, 878 F.2d at 1417 (explaining that if the reexamined claim is "not 'identical,' the patentee has no right to recover infringement damages for periods prior to the date that the reexamination certificate issued"). Such a result is likely. Approximately three of every four reexamined patents are cancelled or amended during reexamination. *TAP Pharmaceutical Prods.,* 70 U.S.P.Q.2d at 1320. In fact, one clearly recognized advantage of reexamination is that trial of unpatentable claims are eliminated (*id.*); *Emhart*, 3 U.S.P.Q.2d at 1890 (recognizing nine benefits of granting a stay including preventing a needless trial, encouraging settlement, reducing the complexity of trial issues, limiting defenses and evidence, and reducing costs). Further, in the unlikely event claim 1 survives reexamination unscathed, the issues will be streamlined for trial. *Id.* (recognizing benefits of reexamination include reducing complexity of trial and making resolution of defenses and evidence at pre-trial conferences easier). Therefore, under any of the three potential outcomes of the reexamination proceeding, trial will be either eliminated or simplified. This strongly weighs in favor of granting the stay.

In summary, pre-trial and trial are likely to be mooted by the reexamination proceedings, and there is no pressing need to proceed with this matter while the Patent Office is reexamining the 562 patent. In contrast, denying a stay would be inefficient because if the Patent Office cancels claim 1 or deems it unpatentable in its current form, conducting pretrial proceedings and a trial would be a complete waste of resources. *TAP Pharm*., 70 U.S.P.Q.2d at 1320 (granting stay because of the "substantial risk of expending substantial resources on trying the validity of patent claims that may ultimately be cancelled or amended").

## IV. Conclusion

Staying this action will conserve judicial resources and prevent the parties from wastefully trying a cause of action that may be extinguished by the reexamination proceeding. Thus, Bayer respectfully requests that the Court exercise its discretion and stay this action pending reexamination.

Dated: June 1, 2004

DORSEY & WHITNEY LLP

By s/William A. Dossett
William A. Dossett #0237930
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
Telephone: (612) 340-8765

WOODCOCK WASHBURN LLP
Dale M. Heist
Gary H. Levin
Albert J. Marcellino
Michael J. Bonella
One Liberty Place, 46th Floor
17th and Market Streets
Philadelphia, PA 19103
Telephone: (215) 568-3100

Attorneys for Defendant