LEXSEE 1994 US APP LEXIS 24363

**MAGNESYSTEMS INC., Plaintiff-Appellee, v. NIKKEN, INC. and NU-MAGNETICS INC., Defendants-Appellants. MAGNESYSTEMS INC., Plaintiff-Appellee, v. NIKKEN, INC. and NU-MAGNETICS INC., Defendants-Appellants.**

**94-1401, 94-1473**

**UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT**

**36 F.3d 1114; 1994 U.S. App. LEXIS 24363**

**August 30, 1994, Decided**
**August 30, 1994, Filed**

**NOTICE:** [*1] RULE 47.6(b). NONPRECEDENTIAL OPINIONS AND ORDERS. OPINIONS AND ORDERS WHICH ARE DESIGNATED AS NOT CITABLE AS PRECEDENT ARE THOSE UNANIMOUSLY DETERMINED BY THE PANEL AT THE TIME OF THEIR ISSUANCE AS NOT ADDING SIGNIFICANTLY TO THE BODY OF LAW. OPINIONS AND ORDERS SO DESIGNATED SHALL NOT BE EMPLOYED OR CITED AS PRECEDENT. THIS RULE DOES NOT PRECLUDE ASSERTION OF ISSUES OF CLAIM PRECLUSION, ISSUE PRECLUSION, JUDICIAL ESTOPPEL, LAW OF THE CASE OR THE LIKE BASED ON A DECISION OF THE COURT RENDERED IN A NONPRECEDENTIAL OPINION AND ORDER.

**LexisNexis(R) Headnotes**

**JUDGES:** Before PLAGER, LOURIE, and RADER, Circuit Judges.

**OPINIONBY:** FOR THE COURT; ALAN D. LOURIE

**OPINION:**

ON MOTION

LOURIE, Circuit Judge.

ORDER

The following have been submitted:

(1) Magnesystems Inc.'s motion to dismiss appeal no. 94-1401,

(2) Nikken, Inc. and Nu-Magnetics Inc.'s (Nikken) opposition,

(3) Nikken's motion for an order declaring that the United States District Court for the Central District of California lacks jurisdiction to rule on Magnesystems' pending motion for an injunction, n1

(4) Nikken's motion for a stay of the injunction, pending appeal, and/or a stay of the injunction, pending reexamination proceedings,

(5) Magnesystems' opposition,
[*2]
(6) Nikken's motion for leave to file a declaration, with declaration attached, and

(7) Magnesystems' opposition. n2

n1 In its submission, Nikken also suggests that oral argument and in banc consideration of the jurisdictional issue could be beneficial to the court. These suggestions were not in the form of motions. Thus, we do not rule on them. We note, however, that we do not find Nikken's arguments persuasive with regard to either suggestion.

n2 Both parties use intemperate language and trade accusatory remarks in their

submissions. This language does not further their cause and we caution the parties to refrain from these actions in their briefs.

This matter stems from Magnesystems' infringement action against Nikken. In its complaint, Magnesystems alleged infringement and sought damages and injunctive relief. Both parties filed motions for summary judgment. On June 16, 1994, the district court denied Nikken's motion for summary judgment of noninfringement and invalidity and granted Magnesystems' [*3] motion for summary judgment of infringement. Nikken appealed, appeal no. 94-1401. Shortly thereafter, Magnesystems sought a permanent injunction in the district court. On August 9, 1994, the district court issued a permanent injunction. Nikken filed an amended notice of appeal seeking review of the injunction within the context of the first appeal and further filed a second protective notice of appeal seeking review of the liability and injunction orders, appeal no. 94-1473.

Magnesystems argues that Nikken's first appeal should be dismissed as premature because the matter of injunctive relief remained and, thus, the summary judgment of noninfringement did not constitute a case that was "final except for an accounting" within the meaning of 28 U.S.C. § 1292(c)(2). In response, Nikken argues that once it appealed, the district court lacked jurisdiction to rule on Magnesystems' belated request for injunctive relief.

At the outset, we point out that Nikken's right to review is not at issue. Either the first appeal of the liability ruling, amended to include the injunction, is valid, or the second appeal encompassing both orders is valid. Magnesystems' [*4] motion to dismiss Nikken's first appeal is without practical effect. Nonetheless, we are required to decide the issue as it is a matter of our jurisdiction.

Section 1292 (c)(2) governing interlocutory decisions provides that this court shall have exclusive jurisdiction "of an appeal for patent infringement which would otherwise be appealable . . . and is final except for an accounting." This court has not addressed the issue of whether an appeal is "final except for an accounting" when liability has been decided but injunctive relief has not been decided. No case has been found or pointed out to us that is on point. However, the Fifth Circuit decided a case with similar issues. In Stamicarbon, N.V. v. Escambia Chem. Corp., 430 F.2d 920, 930-31 (5th Cir. 1970), the Fifth Circuit treated the district court's liability ruling as including a sub silentio denial of the pending motion for injunction and, thus, determined that the liability order was "final except for an accounting." Implicit in the court's decision is a holding that the pending request for injunctive relief would have rendered the liability finding nonappealable. See also 9 James [*5] Wm. Moore et al., Moore's Federal Practice, P 110.31[11] (2d ed. 1993) (if a demand for injunctive relief remains undecided, than the determination of validity and infringement is not immediately appealable).

We adopt this interpretation. The language of § 1292(c)(2) plainly states that all matters except for an accounting must be completed. Further, we are not persuaded by Nikken's argument that such a rule would allow a patentee to manipulate the alleged infringer's right to appeal by delaying a motion for an injunction. Arguably, any delay in the issuance of an injunction would favor the alleged infringer, not the patentee. Accordingly, Nikken's first appeal, as amended, was premature and must be dismissed. In view thereof, the district court clearly had jurisdiction to issue a permanent injunction after the summary judgment motion was decided.

In considering whether to grant a stay, pending appeal, this court considers the traditional stay factors:

> . . . (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially [*6] injure the other parties interested in the proceeding; and (4) where the public interest lies.

Standard Havens Products v. Gencor Industries, 897 F.2d 511, 512 (Fed. Cir. 1990). The stay factors contemplate individualized judgments in each case; the formula cannot be reduced to a rigid set of rules. Standard Havens, 897 F.2d at 513. The stronger the showing of likelihood of success on the merits, the less heavily the balance of harms needs to tip in movant's favor. Conversely, if the harm factors weigh heavily in movant's favor, it need only demonstrate a substantial case on the merits. Id.

In its motion for a stay, n3 Nikken argues that the district court erred when it interpreted the claims at issue in a manner inconsistent with the patentee's argument before the Patent and Trademark Office. Specifically, Nikken states that the language "the positive and negative poles of the strips are at distances between each other of from about 4 to 10 mm" refers to "parallel spaced apart magnetized strips not simply a spacing between magnetic poles of north and south polarity." Because the edges of Nikken's products are [*7] not 4 to 10 mm apart, Nikken

asserts that its product does not infringe the claims of Magnesystems' patent. Nikken points to certain statements made by the inventor during the prosecution of Magnesystems' patent to support its argument.

n3 We treat Nikken's motion for a stay of the injunction within the context of appeal no. 94-1473.

In response, Magnesystems points out that the district court based its interpretation of the claims on the claim language, the specification, and the prosecution history. Magnesystems disputes the relevancy of the language relied on by Nikken. Magnesystems states that the language is taken out of context and "merely discusses that the highest efficiency products are obtained when the strips are about 4 to 10 mm apart, and does not even discuss the points in the strips from which the measurements are being taken." We agree with Magnesystems that Nikken has not made a strong showing of likelihood of success on the merits.

Regarding irreparable harm, Nikken states that Nu-Magnetics derives [*8] "nearly 100% of its revenues and profits by selling its patented product exclusively to Nikken for resale." Nikken maintains that "Nu-Magnetics' continued survival could be threatened by the imposition of an injunction" and any interruption in the manufacturing of its product "would have serious repercussions throughout Nikken's entire 16,000-person sales force." In response, Magnesystems argues that the distributors sell many products in addition to the infringing products and "typically have full-time employment elsewhere." We agree with Magnesystems that Nikken's generalized statements with no specific support have not carried its burden of showing irreparable harm. Thus, Nikken has not shown likelihood of success on the merits or that the balance of harms tips in its favor. The public interest here does not favor Nikken. In sum, Nikken has not persuaded us that its motion for a stay, pending appeal should be granted.

We also deny Nikken's motion for a stay, pending reexamination. Nikken requested reexamination of Magnesystems' patent only after the district court's adverse rulings on infringement and validity. Further, the district court has already addressed a significant portion [*9] of the arguments contained in Nikken's request for reexamination. Finally, although Nikken points out that a grant of its reexamination request would point to a "substantial new question of patentability", the Patent and Trademark Office has not yet acted on its request.

Accordingly,

IT IS ORDERED THAT:

(1) Magnesystems' motion to dismiss appeal 94-1401 is granted.

(2) Each side shall bear its own costs in connection with that appeal.

(3) Nikken's motion to declare the district court to be without authority to issue an injunction is denied.

(4) Nikken's motion for a stay, pending appeal and/or reexamination, is denied.

(5) Nikken's motion for leave to file a declaration is granted.

FOR THE COURT

Alan D. Lourie

Circuit Judge

AUG 30 1994
Date

ISSUED AS A MANDATE: AUG 30 1994
(appeal no. 94-1401 only)