LEXSEE 2003 US DIST LEXIS 15095

**Arctic Cat, Inc., a Minnesota corporation, Plaintiff, v. Injection Research Specialists, Inc., a Colorado corporation, and Pacer Industries, Inc., a Missouri corporation, Defendants. and Injection Research Specialists, Inc., a Colorado corporation, and Pacer Industries, Inc., a Missouri corporation, Counterclaimants, v. Arctic Cat, Inc., a Minnesota corporation, and Suzuki Motor Corporation, a Japanese corporation, Counterdefendants.**

**Civ. No. 01-543(MJD/RLE)**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA**

**2003 U.S. Dist. LEXIS 15095**

**August 29, 2003, Decided**

**SUBSEQUENT HISTORY:** Motion granted by, Dismissed by Arctic Cat, Inc. v. Injection Research Specialists, Inc., 2004 U.S. App. LEXIS 5298 (Fed. Cir., Feb. 24, 2004)

**PRIOR HISTORY:** Arctic Cat v. Injection Research Specialists, 2003 U.S. Dist. LEXIS 9318 (D. Minn., June 2, 2003)

**DISPOSITION:** [*1] Defendant's Motion to Sever and Stay Issues Regarding '374 Patent was denied.

**LexisNexis(R) Headnotes**

**COUNSEL:** Annamarie A. Daley, Andrew W. Horstman, Robins, Kaplan, Miller & Ciresi L.L.P., for and on behalf of Plaintiff Arctic Cat, Inc.

Anthony de Alcuaz, Robert J. Blanch, McDermott, Will & Emery, David P. Pearson, Winthrop & Weinstine, P.A.., for and on behalf of Defendant Injection Research Specialist, Inc.

**JUDGES:** Michael J. Davis, United States District Court Judge.

**OPINIONBY:** Michael J. Davis

**OPINION:**

**MEMORANDUM AND ORDER**

**I. INTRODUCTION**

This matter is before the Court on Defendant Injection Research Specialists, Inc.'s ("IRS") Motion to Sever and Stay Issues Regarding U.S. Patent No. 5,813,374 (the "'374 Patent"). Plaintiff Arctic Cat, Inc. ("Arctic Cat") initiated this action by filing a declaratory judgment action for non-infringement and invalidity regarding the '374 Patent and U.S. Patent No. 34,803 (the "'803 Patent").

**II. BACKGROUND**

On March 28, 2001, Arctic Cat initiated this action by filing a declaratory judgment for non-infringement and invalidity of the '803 Patent and the '374 Patent. On September 26, 2001, IRS filed a counterclaim alleging infringement of the '803 Patent. On [*2] the same day, IRS applied for reissue of the '374 Patent in the U.S. Patent and Trademark Office ("PTO"). IRS asserts that it sough the reissue for two reasons: 1) through a series of errors, the '374 Patent issued as a regular utility patent rather than a reissue patent despite having been filed in reissue form; and 2) in the application that resulted in the '374 Patent, the inventor claimed less than he had a right to claim. IRS did not file a counterclaim alleging infringement of the '374 Patent. Arctic CAT claims that this is because IRS knows that the '374 Patent is invalid, and further points out that IRS waited three years to address the defect, which Arctic Cat characterizes as being obvious from "day one."

The parties essentially agree that the '374 Patent should not be a part of this action at this time. However,

they cannot agree on how to get rid of it. IRS maintains that it should be severed, while Arctic Cat maintains that a voluntary covenant not to sue from IRS would suffice. In the alternative, Arctic Cat plans to dispose of the '374 Patent via dispositive motion practice once discovery is complete.

In addition the parties do not see eye to eye on the matter of discovery [*3] related to the '374 Patent. IRS contends that, while a tremendous amount of discovery has taken place in this litigation, that virtually none of it has pertained to the '374 Patent. Arctic Cat, on the other hand, merely asserts that significant discovery has taken place, and that it has spent considerable time addressing issues related to the '374 Patent. Arctic Cat also contends that there is an admission before the PTO that the '374 Patent is invalid.

## III. DISCUSSION

### A. Legal Standard

A district court has the inherent power to control its docket in order to conserve judicial resources and provide for the just determination of pending cases. See e.g., Kemp v. Tyson Seafood Group, Inc., 19 F. Supp.2d 961, 964 (D. Minn. 1998). Such inherent power includes the power to stay proceedings pending conclusion of a PTO re-examination. See Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988); see also Fed. R. Civ. P. 21 (discretion to sever a count in a complaint from the others); E.S. v. Indep. Sch. Dist., No.196, 135 F.3d 566, 568 (8th Cir. 1998).

IRS contends that it is relatively routine for courts to [*4] stay proceedings pending the outcome of reissuance proceedings. See ASCII Corp. v. STD Entm't USA, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994). Arctic Cat disputes the characterization is a routine procedural device, citing to Milliken Research Corp. v. Dan River, Inc., 1980 U.S. Dist. LEXIS 14413, 206 U.S.P.Q. 1028 (W.D. Va. 1980). Arctic Cat asserts that a party seeking a stay must establish a clear case of hardship. See Amersham Int'l v. Corning Glass Works, 108 F.R.D. 71 at 72 (D. Mass. 1985).

### B. IRS's Motion to Stay and Sever

IRS argues that severing and staying the '374 Patent, pending the reissuance proceedings, serves the interests of judicial economy and benefits all parties. IRS asserts that the PTO could modify the claims in the '374 Patent or reissue it in such a manner so as to resolve the invalidity issues put forth by Arctic Cat. IRS further contends that allowing the PTO to determine the validity will result in many advantages to the Court, including: 1) all prior art will have first been considered by the PTO; 2) many discovery problems relating to the prior art can be alleviated by the PTO examination; 3) [*5] if the PTO finds invalidity, the suit will likely be dismissed; 4) the outcome of the re-examination may encourage settlement without more from the Court; 5) the re-examination record would be entered at trial, reducing the complexity and length of litigation; and 7) costs for both the parties and the Court would likely be reduced. See GPAC, Inc. v. D.W.W. Enterprises, Inc., 144 F.R.D. 60, 63 (D. N.J. 1992); Fisher Controls Co., Inc. v. Control Components, Inc., 443 F. Supp. 581, 582 (S.D. Iowa 1977). IRS points to the fact that the vast majority of the discovery in this matter has concerned the '803 Patent and very little discovery has taken place with regards to the '374 Patent. Further, IRS asserts that the parties have agreed to postpone all claim construction on the '374 Patent.

Arctic Cat, in response, emphasizes that this matter has been underway for approximately two years, with significant exchange of discovery. Arctic Cat likens this case to Starlight Associates v. Berkey-Colortran, Inc., 1978 U.S. Dist. LEXIS 15540, 201 U.S.P.Q. 307 (S.D.N.Y. 1978), in which a stay was denied to party that requested it after only a year [*6] of litigation. Arctic Cat characterizes the circumstances in this matter as less compelling than in Starlight. Arctic Cat argues that given the late stage of this litigation, and the amount of discovery exchanged, that IRS has failed to establish a clear case of hardship.

The Court agrees with Arctic Cat on this issue, and concludes that under all the circumstances presented in this matter it is inappropriate at this time to sever the '374 Patent.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Sever and Stay Issues Regarding '374 Patent is **DENIED**.

Dated: August 29, 2003

Michael J. Davis

United States District Court Judge