LEXSEE 2000 US DIST LEXIS 20689

**METHODE ELECTRONICS, INC., Plaintiff, v. INFINEON TECHNOLOGIES CORP. and OPTICAL COMMUNICATION PRODUCTS, INC., Defendants.**

**NO. C 99-21142 JW**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

**2000 U.S. Dist. LEXIS 20689**

**August 7, 2000, Decided**
**August 7, 2000, Filed**

**DISPOSITION:** [*1] Defendants' joint motion to stay proceedings as to both the '408 and '468 patents pending reexamination of the '408 patent granted. OCP's request denied without prejudice.

**LexisNexis(R) Headnotes**

**COUNSEL:** For METHODE ELECTRONICS, INC., Plaintiff: Joseph N. Hosteny, Arthur Anthony Gasey, Paul C. Gibbons, Niro Scavone Haller & Niro, Chicago, IL.

For METHODE ELECTRONICS, INC., Plaintiff: Thomas F. Smegal, Jr., Knobbe Martens Olson & Bear LLP, San Francisco, CA.

For INFINEON TECHNOLOGIES CORPORATION, defendant: Scott D. Baker, Crosby Heafey Roach & May, Los Angeles, CA.

For OPTICAL COMMUNICATION PRODUCTS, INC., defendant: David S. Elkins, Graham & James LLP, David S. Elkins, Squire Sanders & Dempsey L.L.P., Palo Alto, CA.

For OPTICAL COMMUNICATION PRODUCTS, INC., defendant: Nathan Lane, III, Graham & James LLP, Nathan Lane, III, Squire Sanders & Dempsey LLP, San Francisco, CA.

**JUDGES:** JAMES WARE, United States District Judge.

**OPINIONBY:** JAMES WARE

**OPINION:**

**ORDER GRANTING DEFENDANT INFINEON TECHNOLOGIES CORP. AND DEFENDANT OPTICAL COMMUNICATION PRODUCTS, INC.'S JOINT MOTION TO STAY PROCEEDINGS PENDING REEXAMINATION OF THE '408 PATENT**

[Docket No. 50]

I. INTRODUCTION

Defendant Infineon Technologies [*2] Corporation now brings a motion to stay all proceedings as to the '408 and '468 patents pending reexamination of the '408 patent. A hearing was held on July 10, 2000. Defendant Optical Communication Products, Inc. joined in and incorporated by reference Infineon's motion. Based on all papers filed to date and the oral argument of counsel, and for the reasons set forth below, the Court grants the Defendants' motion to stay the action as to the '408 and '468 patents pending reexamination of the '408 patent.

II. BACKGROUND

This case involves an action for patent infringement by Plaintiff Methode Electronics, Inc. ("Methode") against Defendants Infineon Technologies Corporation ("Infineon") and Optical Communication Products, Inc. ("OCP"). Methode alleges infringement of five patents pertaining to optoelectronic transceiver devices used in computer networks for the conversion of light pulses to electrical pulses and back to light pulses. Methode alleges that Infineon has infringed U.S. Patent 5,528,408 (" '408 patent") and U.S. Patent 5,864,468 (" '468

patent"). Methode alleges that OCP has infringed the '408 and '468 patents, as well as three additional patents: U.S. Patent 5,717,533 [*3] (" '533 patent"); U.S. Patent 5,734,558 (" '558 patent"); and U.S. Patent 5,879,173 (" '173 patent").

The accused devices at issue in this infringement action are "1x9" optoelectronic transceivers, produced by both Infineon and OCP. The "1x9" optoelectronic transceivers are alleged to infringe both the '408 and '468 patents. Infineon also produces a Small Form Factor ("SFF") transceiver which is alleged to infringe only the '468 patent. Both Defendants deny infringement and allege that the patents are invalid.

The '408 patent issued on June 18, 1996. On June 16, 1998, Methode filed a Request For Reexamination of the '408 patent on the ground that the Examiner failed to consider nine prior art references during the original prosecution. Methode's request for reexamination was granted and assigned to the original '408 Examiner.

On February 5, 1999, the Patent and Trademark Office issued a First Office Action, rejecting all claims (1-16) as obvious under 35 U.S.C. § 103(a). Methode added additional claims 17-25. In a Second Office Action, issued on September 2, 1999, the PTO rejected claims 1-25. Methode then initiated this action against Infineon and OCP on October 15, 1999. Subsequently, [*4] Methode filed another amendment to its request for reexamination. On March 2, 2000, in a Third Office Action, the PTO rejected claims 1-16 for the third time and claims 17-25 for the second time on the ground that the claims are obvious in view of the previously undisclosed prior art references. Methode's response to the Third Office Action was due on June 2, 2000.

Defendants now move for a stay of litigation and all discovery as to the '408 and '468 patents pending the PTO's reexamination of the '408 patent. n1

n1 OCP's joinder covers the same issues stated in Infineon's motion to stay. The Court finds that OCP's joinder is neither untimely nor unfair. Methode's ex parte motion to strike OCP's joinder is hereby denied.

III. STANDARDS

After a patent issues, 35 U.S.C. § 302 authorizes any person at any time to file a request with the PTO for reexamination of any claim of the patent on the basis of prior art patents and publications. Upon receipt of a request for reexamination, [*5] the PTO determines whether the cited prior art raises "a substantial new question of patentability." 35 U.S.C. § 303. If it is determined that a substantial new question of patentability is raised, then a reexamination is granted and the claim or claims in question are examined in the same manner as the claims of a patent application.

The district court has the inherent authority to order a stay pending the outcome of reexamination by the PTO. See Ethicon v. Quigg, 849 F.2d 1422, 1426 (Fed. Cir. 1988). The Court, however, must weigh the competing interests presented by a specific set of facts. See Gladish v. Tyco Toys, 1993 U.S. Dist. LEXIS 20211, 29 U.S.P.Q.2D (BNA) 1718, 1719 (E.D. Cal. 1993). "The court has the inherent ability to grant a stay of proceedings provided that it does not cause undue prejudice or present a clear tactical disadvantage to the non-moving parties." ASCII Corp. v. STD Entertainment USA, Inc., 844 F. Supp. 1378, 1380 (N.D. Cal. 1994) (internal quotations and citations omitted). Other factors considered include the stage of the litigation, whether discovery is or will be almost completed, and [*6] whether the matter has been marked for trial. See id. In determining whether to grant a motion to stay, the district court has considerable latitude. See Gould v. Control Laser Corp., 705 F.2d 1340, 1341 (Fed.Cir.1983). "There is a liberal policy in favor of granting motions to stay proceedings pending the outcome of reexamination proceedings." See ASCII Corp., 844 F. Supp. at 1381.

IV. DISCUSSION

A. Staying litigation of the '408 patent

In this case, the relevant factors weigh heavily in favor of staying the proceedings as to the '408 patent pending the PTO's reexamination of the '408 patent. First, this case is in its incipient stages. Methode's complaint was filed less than eight months ago, no depositions have been taken, and no trial date has been set. Second, a stay will allow the parties and the Court to take advantage of the PTO's conclusions regarding prior art. A stay will also further the goal of judicial economy: a PTO determination that some of the claims of the '408 patent are unpatentable may narrow the scope of this litigation. Third, if the PTO ultimately makes a determination that Methode's claims are unpatentable with [*7] respect to the '408 patent, a stay will have eliminated the need for discovery and trial of those issues that pertain solely to the '408 patent. Finally, regardless of the outcome of the reexamination, the PTO's expert opinion will help the Court focus on the pertinent issues.

Granting a stay would not cause undue prejudice. Although "substantial expense and time . . . invested in the litigation . . . would militate against a further delay of disposition," GPAC Inc. v. D.W.W. Enterprises, 144

F.R.D. 60, 23 U.S.P.Q.2D (BNA) 1129, 1133, Methode concedes that its "expenditure of fees to this point have been minimal." Plaintiff's Opposition, p. 5. Methode's argument that a stay of the '408 patent solely with respect to Infineon would be prejudicial is rendered moot since OCP has joined in and incorporated by reference Infineon's motion. A stay of the proceedings with respect to the '408 patent would apply to both Defendants Infineon and OCP.

Furthermore, the Court finds that Defendants did not unduly delay in bringing the present motion, and that there is no reason to believe that Defendants are utilizing any dilatory tactics by requesting the stay. See Guthy-Renker L.L.C. v. Icon Health and Fitness Inc., 1998 U.S. Dist. LEXIS 16553, 48 U.S.P.Q.2D (BNA) 1058, 1061 (C.D.Cal. 1998). [*8]

Therefore, the Court hereby stays all proceedings as to the '408 patent pending the PTO reexamination.

B. Staying litigation of the '468 patent

The Court agrees with both parties that granting a stay with respect to only the '408 patent would be problematic since the '468 patent involves the same accused device. Duplicative discovery may result if only the '408 patent is stayed since there are likely to be common documents and witnesses regarding the infringment litigation of the '408 and '468 patents. For example, staying the '408 patent but not the '468 patent may result in two separate tutorials and two claim construction hearings after the reexamination proceedings.

Finally, although discovery will still take place regarding the same accused product regardless of the reexamination results, the Court finds that the issues regarding the '468 patent may be narrowed or amended as a result of the PTO's decision. Furthermore, it appears that there are overlapping issues in the '408 and '468 infringement actions. Methode noted at the July 10 hearing that all elements in the '408 patent claims are contained in the '468 patent. The Court also finds that Methode will not be unduly [*9] prejudiced by staying the '468 litigation proceedings.

Methode's argument that staying proceedings as to the '468 patent would waste the patent's limited lifetime has no merit. Methode has failed to explain why money damages would not be adequate if it prevails at trial. See Guthy-Renker, 48 U.S.P.Q.2D (BNA) at 1061.

Therefore, the Court hereby grants Defendants' motion to stay proceedings regarding the '468 patent pending the PTO's reexamination of the '408 patent as well.

V. CONCLUSION

Based on the reasons set forth above, the Court grants Defendants' joint motion to stay proceedings as to both the '408 and '468 patents pending reexamination of the '408 patent by the PTO. The Court orders the parties to submit a joint statement by September 11, 2000 informing the Court of the status of the case.

At the July 10 hearing, counsel for OCP requested a stay of proceedings as to the '533, '558, and '173 patents as well. OCP has not submitted papers requesting a stay as to those patents. Therefore, OCP's request is denied without prejudice.

Dated: August 7, 2000

JAMES WARE

United States District Judge