LEXSEE 2004 US DIST LEXIS 2699

**Pacesetter Inc., a Delaware corporation, Plaintiff, v. Cardiac Pacemakers, Inc., a Minnesota corporation and Guidant Sales Corporation, an Indiana corporation, Defendants.**

**Civil No. 02-1337 (DWF/SRN)**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA**

**2004 U.S. Dist. LEXIS 2699**

**February 19, 2004, Decided**

**DISPOSITION:** [*1] Magistrate's order of November 17, 2003 affirmed. Appeal denied.

**LexisNexis(R) Headnotes**

**COUNSEL:** For Plaintiff: Michael A. Lindsay, Esq., Dorsey & Whitney, Minneapolis, MN.

For Plaintiff: Jeffrey M. Olson, Esq., Sidley Austin Brown & Wood, Los Angeles, CA.

For Plaintiff: Denis R. Salmon, Esq., Gibson Dunn & Crutcher, Palo Alto, CA.

For Defendants: Felicia Jurgens Boyd, Esq., Randall E. Kahnke, Esq., Kenneth A. Liebman, Esq., David J. F. Gross, Esq., Julie Knox Chosy, Esq., James W. Poradek, Esq., Faegre & Benson, Minneapolis, MN.

For Objectors: Richard G. Wilson, Esq., William Z. Pentelovitch, Esq., Maslon Edelman Borman & Brand, Minneapolis, MN.

**JUDGES:** Donovan W. Frank, Judge of United States District Judge.

**OPINIONBY:** Donovan W. Frank

**OPINION:**

**ORDER AND MEMORANDUM**

This matter is before the Court upon Plaintiff's appeal of Magistrate Judge Susan Richard Nelson's order dated November 17, 2003, in which Magistrate Judge Nelson granted Defendants' motion to stay litigation in the above-entitled matter pending completion of reexamination proceedings. Defendants oppose Plaintiff's appeal.

The Court must modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous [*2] or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.1(b)(2). This is an "extremely deferential standard." *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 92 L. Ed. 746, 68 S. Ct. 525 (1948)).

The Court finds that Magistrate Judge Nelson's order is neither clearly erroneous nor contrary to law. Thus, the Court denies Plaintiff's appeal and affirms Magistrate Judge Nelson's order of November 17, 2003.

Accordingly, **IT IS HEREBY ORDERED**:

1. Magistrate Judge Susan Richard Nelson's order of November 17, 2003, granting Defendants' motion to stay litigation of this case pending reexamination proceedings (Doc. No. 119) is **AFFIRMED**.

Dated: February 19, 2004

s/Donovan [*3] W. Frank

Judge of United States District Court

**MEMORANDUM**

The Court has reviewed all submissions of the parties, including the submissions to Magistrate Judge Susan Richard Nelson at the time the motion to stay litigation, pending reexamination proceedings, was argued before Magistrate Judge Nelson. Based upon that review of the record, the Court has no doubt that the proper exercise of the Court's discretion results in a stay of the litigation. Moreover, the Court respectfully rejects the option of a partial stay of the two patents that are not in reexamination, finding that any fair scrutiny of the record in this case compels the conclusion that the four patents in question, although unrelated, are inextricably intertwined. There is no discernable demarcation of issues, experts, or products. In addition, duplicity and overlap will occur when addressing issues such as experts, discovery, damages, and products.

The District Court has the inherent power to control and manage its docket, which includes the authority to order a stay pending the outcome of reexamination proceedings at the PTO. *Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999); [*4] *Computer Products Corp. v. Haworth, Inc.*, 2000 U.S. Dist. LEXIS 11274, 56 U.S.P.Q.2d 1633, 1635 (S.D.N.Y. 2000). Consequently, the decision to grant or deny a stay pending the outcome of a PTO proceeding rests entirely with the sound discretion of the District Court. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988); *ASCII Corp. v. STD Entertainment USA, Inc.*, 844 F. Supp. 1378, 1380 (N.D. Cal. 1994).

Plaintiff's patent infringement suit involves Defendants' product lines of pacemakers, defibrillators, and resynchronization devices. Sixty Guidant products are involved, encompassing 14 product lines. Plaintiff filed this suit in a single action, asserting infringement as to four patents: the '523 patent, the '737 patent, the '342 patent, and the '167 patent. In June and July 2003, Plaintiff, not Defendants, requested reexamination of two of the patents, namely, the '737 patent and the '523 patent, and the PTO granted this request.

It should be noted that, with few exceptions, all of the cases cited by Plaintiff and Defendants are factually distinguishable from the instant case. It is indeed rare where a Plaintiff has [*5] filed a lawsuit and, for whatever reason, includes an assertion of infringement as to four patents and then subsequent to the filing of the lawsuit requests reexamination of two of those patents. The Plaintiff has not provided an explanation as to why the four patents in question were included in the same lawsuit. However, even if the patents themselves lack a nexus to the validity issues to be determined by the PTO, this Court is unable to glean any undue prejudice that the stay will cause to the Plaintiff.

As far as this Court can determine, the parties did not request that Magistrate Judge Nelson allow discovery to proceed on all four patents on any issues other than validity, concurrent with the PTO's reexamination. If that discovery occurred, with or without prejudice, the case would be nearly ready for trial by the end of reexamination, regardless of the outcome of the reexamination. This approach would be practicable if the parties had attempted to reach a consensus on the issues that a reexamination likely would not alter. However, that consensus has not occurred here. The approach suggested by the Plaintiff almost assures duplicitous and unnecessary discovery at every juncture. [*6]

In determining whether a stay is appropriate, the Court considered the same factors that Magistrate Judge Nelson considered, namely: (1) whether a stay would unduly prejudice or present a clear tactical advantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. *Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999).

Magistrate Judge Nelson properly weighed the competing interests presented by the facts and balanced the hardships to Plaintiff and Defendants that would result in granting or denying a stay. The findings and conclusions of Magistrate Judge Nelson set forth in her 14-page order of November 17, 2003, reflect proper consideration of the factors that are relevant to both parties. The record further supports Magistrate Judge Nelson's conclusions and decision to grant Defendants' motion to stay litigation pending reexamination proceedings, even if a *de novo* review standard is used by this Court.

It is this Court's conclusion that consideration of all of the relevant factors under the unique circumstances presented [*7] in the case weigh in favor of a stay. The Court concurs with Magistrate Judge Nelson that the alternative proposed by the Plaintiff of proceeding ahead with the two patents not under reexamination is impracticable, if not impossible. The notion that the case can be divided in that fashion, simply because the four patents are indeed different, is belied entirely by an examination of the circumstances of this case. Those circumstances include, but are not limited to:

**Common Products:** The Guidant products that are accused of infringing the patents in reexamination are the same products accused of infringing the other two patents in suit. Potentially, a number of product lines may be

affected by the reexamination proceedings. A partial stay could create multiple and duplicitous proceedings. This case does not lend itself to any meaningful severability of issues that is necessary for an appropriate stay to be imposed.

**Common Witnesses:** The patents in reexamination and the other patents will require testimony by the same witnesses.

**Common Inventors:** At least with respect to the '523 patent and the '167 patent the patents involve a common inventor, Brian Mann.

**Common** [*8] **Underlying Technology:** While this may be a secondary issue or a less compelling issue, all of the patents in suit involve cardiac pacemakers, their development, their functionality, and their operation.

**Common Documents:** Because the case involves a wide array of accused products and a large amount of documents related to those accused products, overlap of exhibits and other evidence will be extensive.

The Court has reviewed the record, as noted, including documents related to the following pacemakers: Discovery, Discovery II, Meridian, Pulsar, Pulsar Max, Pulsar Max II, and Insigna; the following defibrillators: Ventak AV, Ventak AV II, Ventak AV III, Ventak Prizm, Ventak Prizm 2, and Ventak Prizm HE; and a chronic heart failure heart device, Contak CD CHFD. Absent some severability of issues, reexamination potentially affects all of Guidant's accused products.

If there is any solution short of a complete stay, it is not the alternative of proceeding ahead with the patents that are not under reeexamination. Rather, as noted previously in this memorandum, since regardless of what the outcome of the reexamination is, there likely will be triable issues left for the Court, [*9] it necessarily follows that it may best serve the parties' interests to come up with a discovery plan and to tailor the discovery plan to the particular demands of this case. The parties must determine whether this is an appropriate approach.

The proper exercise of the Court's discretion results in a stay of litigation in this case pending the completion of the reexamination proceedings. The stay will further the interests of judicial economy and conserve the parties' resources without any undue prejudice to the Plaintiff.

For these reasons, the Court has affirmed Magistrate Judge Susan Richard Nelson's order of November 17, 2003.

D.W.F.