UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Dmitry Volovik, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civil Action No. |
| v. | ) | 01-CV-1426 JNE/JGL |
| | ) | |
| | ) | |
| Bayer Corporation, | ) | |
| an Indiana Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**BAYER'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR A STAY PENDING REEXAMINATION OF U.S. PATENT NO. 5,540,562 BY THE U.S. PATENT & TRADEMARK OFFICE**

## Table of Contents


I. A Stay Is Not Prejudicial & Denying a Stay Would Likely Be Prejudicial ........................1

II. Bayer's Petition was Not Untimely ........................................................................2

III. Mr. Volovik's Assertions Regarding Reexamination Are Incorrect ..................................2

IV. Case Law Supports Granting A Stay ......................................................................4

V. Conclusion ...........................................................................................................6

## Table of Authorities

### FEDERAL CASES

*Arctic Cat, Inc. v. Injection Research Specialists, Inc.*,
No. 01-543, 2003 U.S. Dist. LEXIS 15095 (D. Minn. Aug. 29, 2003) ........................ 5

*Bloom Eng'g Corp. v. North Am. Mfg. Co.*,
129 F.3d 1247 (Fed. Cir. 1997) ........................ 3

*Emhart Indus., Inc. v. Sankyo Seiki Mfg. Co.*,
3 U.S.P.Q. 2d (BNA) 1889 (N.D. Ill. 1987) ........................ 4

*Gladish v. Tyco Toys, Inc.*,
No. S921666, 1993 U.S. Dist. LEXIS 20211 (E.D. Cal. Sept. 15, 1993) ........................ 5

*Gonnocci Revocable Living Trust v Three M Tool & Machine, Inc.*,
68 U.S.P.Q. 2d (BNA) 1755 (D. Mich. 2003) ........................ 4

*Grayling Industrial v. GPAC Inc.*,
19 U.S.P.Q. 2d (BNA) 1872 (N.D. Ga. 1991) ........................ 4

*Kaufman Co., Inc. v. Lantech, Inc.*,
807 F.2d 970 (Fed. Cir. 1986) ........................ 3

*Laitram Corp. v. NEC Corp.*,
952 F.2d 1357 (Fed. Cir. 1991) ........................ 3

*Loffland Brothers Co. v. Mid-Western Energy Corp.*,
225 U.S.P.Q. (BNA) 886 (W.D. Okla. 1985) ........................ 4

*Magnesystems, Inc. v. Nikken, Inc.*,
No. 94-1401, 1994 U.S. App. LEXIS 24363 (Fed. Cir. Aug. 30, 1994) ........................ 5, 6

*Minco, Inc. v. Combustion Eng'g, Inc.*,
95 F.3d 1109 (Fed. Cir. 1996) ........................ 3

*Quantum Corp. v. Rodime, P.L.C.*,
65 F.3d 1577 (Fed. Cir. 1995) ........................ 3

*Seattle Box Co. v. Indus. Crating & Packaging, Inc.*,
731 F.2d 818 (Fed. Cir. 1984) ........................ 3

*Starlight Assocs. v. Berkey-Corp., Inc.*,
201 U.S.P.Q. (BNA) 307 (S.D. N.Y. 1978) ........................ 5

*Toro Co. v. L.R. Nelson Corp.*,
223 U.S.P.Q. (BNA) 636 (C.D. Ill. 1984) ........ 5, 6

*Viskase Corp. v. Am. Nat'l Can Co.*,
261 F.3d 1316 (Fed. Cir. 2001) ........ 6

**FEDERAL STATUTES**

35 U.S.C. §251........ 5

35 U.S.C. §305 ........ 5

Bayer's motion for a stay pending reexamination of U.S. Patent No. 5,540,562 should be granted because staying this action would not only be efficient, but would also not prejudice either party. If the claim 1 of the patent in suit is cancelled or amended during reexamination, Bayer would be entitled to intervening rights precluding any damage award. According to Mr. Volovik's own evidence, there is a 70% chance that claim 1 will be canceled or amended, [1] thereby ending this action. Even if claim 1 survives reexamination, a stay will be beneficial because it will simplify the prior art arguments for presentation to the jury. Thus, staying this action is efficient.

## I. A Stay Is Not Prejudicial & Denying a Stay Would Likely Be Prejudicial

Significantly, Mr. Volovik fails to even address the substantial prejudice that will result if a stay is denied, the case is tried, and claim 1 is either canceled or amended in scope. If that occurs, trial will have been a complete waste. Thus, the potential prejudice from denial weighs in favor of granting a stay. Although Mr. Volovik alleges prejudice, he fails to point to any real prejudice. He tacitly admits that he will suffer no economic prejudice if a stay is granted. Nor could he argue otherwise since he is not in the business of manufacturing or selling pumps and does not compete with Bayer. Lacking any real evidence of prejudice, Mr. Volovik asserts that he would be prejudiced because a stay is tantamount to granting Bayer a "free-pass" to infringe.[2] But that is wrong. In the unlikely event claim 1 survives reexamination unamended, as Mr. Volovik himself recognizes,[3] he can still pursue his claim.

Mr. Volovik also incorrectly avers that a stay is prejudicial because time will lapse and memories will fade.[4] A stay will always cause time to lapse. Thus, if Mr. Volovik's argument

---

[1] Ex. 7 to Hamlin Aff. to Volovik Op.
[2] Volovik Op. at 8.
[3] *Id.* at 9.
[4] *Id.* at 8.

had any validity, stays would never be granted. In any event, all of the witnesses have been deposed, and Mr. Volovik's concerns are illusory.

## II. Bayer's Petition was Not Untimely

Mr. Volovik asserts that Bayer delayed in petitioning for reexamination, and therefore the stay should be denied.[5] But Bayer filed its reexamination petition immediately after the Court ruled that there were factual issues with respect to Bayer's anticipation defense, thus necessitating a trial of this case. Given that ruling, Bayer realized that it simply could not present its wealth of invalidating prior art – at least eight anticipatory pieces of prior art and many more obviousness combinations -- to a jury and did not want to give up its opportunity for a fact-finder to consider the printed prior art. Therefore, Bayer filed its reexamination petition so that the Patent Office could consider the printed prior art. Bayer is still, however, willing and ready to proceed to trial with regard to the prior art Beckman CX3, Abbott Axsym, and Abbott Spectrum pumps, and possibly limited arguments based on the printed prior art. Bayer believes, however, that it would be inefficient to do so until the Patent Office completes its reexamination, and therefore has requested a stay.

Mr. Volovik makes the nonsensical argument that Bayer's reexamination petition was untimely because it somehow violated the Court scheduling orders.[6] Merely petitioning for reexamination violated no scheduling order. Bayer has abided by each scheduling order.

## III. Mr. Volovik's Assertions Regarding Reexamination Are Incorrect

Mr. Volovik makes three incorrect assertions regarding reexamination. First, Mr. Volovik incorrectly asserts that "in the overwhelming majority of cases" reexamination "will

5 *Id.* at 5-7.
6 *Id.* at 3.

have little or no effect on the litigation."[7] By his own admission, however, 58% of reexamined claims are amended and 12% are canceled.[8] Thus, according to Mr. Volovik, there is a 70% chance that reexamination will either eliminate this action entirely or effectively end this litigation by extinguishing any damage claim.

Secondly, Mr. Volovik incorrectly implies that amendments to claim 1 will not affect his damages claim. As the Federal Circuit pronounced in *Laitram Corp. v. NEC Corp.*,[9] only where an amended claim is substantially identical in claim scope to the original claim does a damages claim based on the original patent survive. Since almost any wording changes claim scope, this only occurs in the rare instance where the amendment repeats language already present in the claim, as in *Kaufman Co., Inc. v. Lantech, Inc.*,[10] or merely clarifies and does not change scope as in *Minco, Inc. v. Combustion Engineering, Inc.*[11]

Typically, however, amendments change claim scope. For example, in *Seattle Box Co. v. Indus. Crating & Packaging, Inc.*,[12] the Federal Circuit held that "substantially equal to or greater than" was a substantive change from "greater than," and in *Bloom Eng'g Corp. v. North Am. Mfg. Co.*,[13] the Federal Circuit held that the addition of the phrase "separate from the combustion air stream" constituted a substantive change. Further, in affirming the District Court of Minnesota's grant of summary judgment of invalidity, the Federal Circuit held in *Quantum Corp. v. Rodime, P.L.C.*[14] that amending "at least 600 tpi" to read "approximately 600 tpi" changed the claim's scope. Thus, if Mr. Volovik amends claim 1 to change its claim scope, his

---

7 *Id.* at 1.
8 *Id.* at 8.
9 952 F.2d 1357, 1360 (Fed. Cir. 1991).
10 807 F.2d 970, 977 (Fed. Cir. 1986).
11 95 F.3d 1109, 1115 (Fed. Cir. 1996).
12 731 F.2d 818, 827-828 (Fed. Cir. 1984).
13 129 F.3d 1247, 1250-51 (Fed. Cir. 1997).
14 65 F.3d 1577, 1581-82 (Fed. Cir. 1995).

damages claim will have been extinguished.

Thirdly, although Mr. Volovik suggests that the 562 patent's reexamination may take at least 21 months, he is likely incorrect. The journal article upon which he relies indicates that the median pendency for reexaminations is about 17 months,[15] meaning, of course, that about half of the reexaminations take less than 17 months. Moreover, the patent office affords "priority" status to applications that are the subject of the litigation over and above the special dispatch with which it carries out reexaminations.[16] Thus, it is likely that reexamination will be concluded in less than 21 months.

## IV. Case Law Supports Granting A Stay

Mr. Volovik suggests that it is too late for a stay. But he is wrong because here a motion for reconsideration is pending, pretrial preparation has not begun, and trial has not been scheduled. Notably, Courts have granted stays under the similar conditions and even when cases were further along than here. For example, courts have granted a stay where discovery was closed and no trial was scheduled;[17] a pretrial conference had been held;[18] trial was two months away,[19] and where the pretrial order had been signed.[20]

Although Mr. Volovik cites numerous cases, the vast majority are readily distinguishable on three separate grounds. First, none of the cases denying a stay had such an overwhelming amount of invalidating prior art which would be difficult to present to a jury. Secondly, because here only one claim is at issue, the chances of reexamination impacting this litigation are

---

15 Ex. 7 to Hamlin Aff. to Volovik's Op.

16 Manual of Patent Examiner's Procedures §2261.

17 *Emhart Indus., Inc. v. Sankyo Seiki Mfg. Co.*, 3 U.S.P.Q.2d (BNA) 1889, 1891 (N.D. Ill. 1987).

18 *Loffland Bros. Co. v. Mid-Western Energy Corp.*, 225 U.S.P.Q. (BNA) 886, 887 (W.D. Okla. 1985) (scheduled trial continued and later stayed pending reexamination).

19 *Gonnocci Revocable Living Trust v Three M Tool & Machine, Inc.*, 68 U.S.P.Q.2d (BNA) 1755, 1756 (D. Mich. 2003).

20 *Grayling Indus. v. GPAC Inc.*, 19 U.S.P.Q.2d (BNA) 1872, 1874 (N.D. Ga. 1991).

enhanced as compared to instances where the patentee has asserted multiple claims and needs only one of many to survive reexamination, as in for example *Gladish v. Tyco Toys, Inc.*[21]

Thirdly, many of Mr. Volovik's cases are inapplicable because in those cases the *patentee* requested a stay pending reexamination or reissue.[22] The circumstances are much different where the *patentee* requests a stay. In such instances, the patentee seeks to remove a defense without the defendant having an opportunity to be heard during an *ex parte* process. The circumstances are even more disparate where a patentee files a *reissue* application, as in *Starlight Assocs. v. Berkey-Corp., Inc.*[23] and *Arctic Cat, Inc. v. Injection Research Specialists, Inc.*[24] Under 35 U.S.C. §251, a patentee may file a reissue application only where there is an "error" that renders the patent "wholly or partly inoperative." Thus, by filing reissue applications, the patentees in *Starlight Assocs.* and *Arctic Cat* admitted that there their patents were defective and were attempting to correct them in an *ex parte* proceeding. In fact, in *Arctic Cat*[25] the patentee sought broader claims in a *broadening reissue* application, which is prohibited during reexamination by 35 U.S.C. §305.

Mr. Volovik's cases are also distinguishable on additional grounds as well. For example, *Magnesystems, Inc. v. Nikken, Inc.*,[26] is a non-precedential, unpublished, ten-year old decision. Further, the case is inapplicable here because the reexam requester had been found to infringe, a

---

21 29 U.S.P.Q.2d (BNA) 1718, 1720 (E.D. Cal. 1993).

22 *Arctic Cat, Inc. v. Injection Research Specialists, Inc.*, No. 01-543, 2003 U.S. Dist. LEXIS 15095, *1-*2 (D. Minn. Aug. 29, 2003) (Ex. 5 to Ham. Aff.); *Gladish v. Tyco Toys, Inc.*, No. S921666, 1993 U.S. Dist. LEXIS 20211, at *4-*5 (E.D. Cal. Sept. 15, 1993); *Toro Co. v. L.R. Nelson Corp.*, 223 U.S.P.Q. (BNA) 636, 637 (C.D. Ill. 1984); *Starlight Assocs. v. Berkey-Corp., Inc.*, 201 U.S.P.Q. (BNA) 307 (S.D. N.Y. 1978).

23 201 U.S.P.Q. (BNA) 307 (S.D. N.Y. 1978).

24 No. 01-543, 2003 U.S. Dist. LEXIS 15095, *1-*2 (D. Minn. Aug. 29, 2003) (Ex. 5 to Ham. Aff.).

25 *Id.*

26 No. 94-1401, 1994 U.S. App. LEXIS 24363, at *3, *8-*9 (Fed. Cir. Aug. 30, 1994) (unpublished) (Ex. 4 to Ham. Aff.).

permanent injunction had been entered, and the requestor's reexamination petition had not yet been decided.[27] *Toro Co. v. L.R. Nelson Corp.*[28] is likewise inapplicable because there the Court granted summary judgment of invalidity, and thus, denied the patentee's stay motion.

Further, *Viskase Corp. v. Am. Nat'l Can Co.*[29] is distinguishable because there the defendant requested a stay after having been found to willfully infringe. And *Amphenol T&M Antennas, Inc. v. Centurion*[30] is distinguishable because in that case a stay was not requested until after the patentee's motion for a preliminary injunction had been filed and the pretrial order and trial had been scheduled.

## V. Conclusion

Granting a stay may result in substantial savings to the parties and avoid the need for a trial. Conversely, denying the stay and trying this case while the Patent Office reexamines the 562 patent, could be a complete waste of time and money. Since Mr. Volovik is not in the pump business, he suffers no prejudice from a stay. Thus, this Court should stay this action until reexamination has been concluded.

Dated: August 6, 2004

DORSEY & WHITNEY LLP

By s/William A. Dossett
William A. Dossett #0237930
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
Telephone: (612) 340-8765

---

27 *Id.*

28 223 U.S.P.Q. (BNA) at 636.

29 261 F.3d 1316, 1319, 1327-28 (Fed. Cir. 2001) (Ex. 6 to Ham. Aff.).

30 No. 00 C 4298, 2001 U.S. Dist. LEXIS 13795, *5 (N.D. Ill. Sept. 5, 2001) (Ex. 6 to Ham. Aff.).

WOODCOCK WASHBURN LLP
Dale M. Heist
Gary H. Levin
Albert J. Marcellino
Michael J. Bonella
One Liberty Place, 46th Floor
17th and Market Streets
Philadelphia, PA 19103
Telephone: (215) 568-3100

Attorneys for Defendant