UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Dmitry Volovik,

Plaintiff,

v. Civ. No. 01-1426 (JNE/JGL)
ORDER

Bayer Corporation,

Defendant.

---

Thomas Hamlin, Esq. and Marta M. Chou, Esq., Robins, Kaplan, Miller & Ciresi L.L.P., appeared on brief for Plaintiff Dmitry Volovik.

Dale M. Heist, Esq., Gary H. Levin, Esq., Albert J. Marcellino, Esq. and Michael Bonella, Esq., Woodcock Washburn LLP, and William A. Dossett, Esq., Dorsey & Whitney LLP, appeared on brief for Defendant Bayer Corporation.

---

The matter is before the Court on Bayer Corporation's (Bayer) Motion to Stay Pending Reexamination of United States Patent No. 5,540,562 ('562 Patent).[1] For the reasons set forth below, the Court grants the motion.

## I. BACKGROUND

Volovik is the owner of the '562 Patent. Bayer is the owner of the Centaur Immunoassay System (the Centaur System). Volovik alleges that the Centaur System uses pumps that infringe claim 1 of the '562 patent. In an Order dated May 12, 2003, the Court construed nine terms found in claim 1 and denied Bayer's summary judgment motion because there were genuine issues of material fact as to whether Gershon Giter, the inventor of the '562 patent, conceived of the invention and diligently reduced it to practice before the effective date of the prior art references in United States Patent 5,637,208 (Dourdeville) and United States Patent 4,536,471

---

[1] Also before the Court is Bayer's Motion for Leave to File Reply Memorandum Supporting Motion to Stay. The Court grants that motion.

(Clark '471) and as to whether United States Patent 5,253,981 (Yang) includes each element of claim 1 of the '562 patent. The Court did not reach the issue of whether Dourdeville or Clark '471 include each element of claim 1 of the '562 patent. In an Order dated January 7, 2004, the Court, among other things, denied Bayer's motion for summary judgment on the basis of patent invalidity with respect to three other prior art references.

On February 18, 2004, Bayer filed an ex-parte request with the Patent and Trademark Office (PTO), seeking reconsideration of claim 1 of the '562 patent. Bayer based its request of several prior art references, including Dourdeville, Clark '471, and Yang, that were not before the PTO when the patent issued. On April 8, 2004, the PTO granted Bayer's request to reexamine claim 1. Bayer now moves for a stay pending the PTO's reexamination.

## II. DISCUSSION

A district court has the inherent power to control its docket in order to conserve judicial resources and provide for the just determination of pending cases. *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir. 1983); *Kemp v. Tyson Seafood Group, Inc.*, 19 F. Supp. 2d 961, 964-65 (D. Minn. 1998). Such inherent power includes the power to stay proceedings pending the conclusion of a PTO reexamination. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). "Consequently, the decision to grant or deny a stay pending the outcome of a PTO proceeding rests entirely with the sound discretion of the District Court." *Pacesetter, Inc. v. Cardiac Pacemakers*, No. Civ. 02-1337, 2003 WL 23303473, at * 1 (D. Minn. Nov. 19, 2003).

Bayer asserts that a stay is appropriate because the reexamination will either render the litigation moot or, at a minimum, streamline the issues for trial. Moreover, it argues that a stay will not prejudice Volovik because he will suffer no market prejudice during the stay. Volovik opposes Bayer's motion. He contends that a stay is inappropriate because Bayer delayed in

moving for both the reexamination and a stay, the case is trial-ready, and both parties have already expended significant time and money. Volovik also argues that the PTO statistics favor denying a stay because patent claims are confirmed in 30% of reexaminations and modified slightly in 58% of reexaminations. Finally, Volovik asserts that he will be unduly prejudiced by a stay because any further delay will harm his case as witnesses become unavailable or unreliable.

The Court is sympathetic to Volovik's arguments, especially since Bayer waited nearly two months after the PTO granted its request for reexamination before moving for a stay. Nonetheless, because the reexamination raises a "substantial new question of patentability of claim 1" of the '562 patent—the only claim at issue in this case—the Court finds that a stay would conserve judicial resources and be beneficial to the efficient resolution of this action. Specifically, five of the prior art references that are the subject of the reexamination were presented to the Court prior to its May 2003 Order.[2] Because there are genuine issues of material fact with respect to those prior art references, those references will be at issue during trial. Therefore, issuing a stay has many advantages, including that all prior art presented to the Court at trial will have been first considered by the PTO, with its particular expertise, and that issues, defenses, and evidence will be more easily limited in pre-trial conferences after the reexamination. *See e.g.*, *Ralph Gonnocci Revocable Living Trust v. Three M Tool & Mach. Inc.*, 68 U.S.P.Q.2d 1755, 1757 (E.D. Mich. 2003) (listing additional reasons for the issuance of a stay). The Court recognizes that this case has been pending since 2001; however, no trial date has been set, and no trial materials have been submitted to the Court. Courts have granted stays

[2] Bayer conceded at oral argument that summary judgment based on two of the prior art references—Japanese patent application 2-213729 (Kudo) and United States Patent 5,358,691 (Clark '691)—was inappropriate.

in similar circumstances. *See e.g., Emhart Indus. v. Sankyo Seiki Mfg. Co.,* 3 U.S.P.Q.2d 1889, 1891 (granting stay despite completion of discovery where there was no pretrial order in place, no trial schedule had been set, and virtually no trial preparations had been carried out); *Grayling Indus. v. GPAC, Inc.*, 19 U.S.P.Q.2d 1872, 1874 (N.D. Ga. 1991) (granting stay two years after case was filed and one month after pretrial order was submitted). For these reasons, the Court grants Bayer's motion to stay.

## III. CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Bayer's Motion to Stay Pending Reexamination of United States Patent No. 5,540,562 [Docket No. 201] is GRANTED.

2. Bayer's Motion for Leave to File Reply Memorandum Supporting Motion to Stay [Docket No. 213] is GRANTED.

3. This matter is STAYED pending further order of this Court.

4. Following reexamination of United States Patent No. 5,540,562, the parties shall contact United States Chief Magistrate Judge Lebedoff's chambers to schedule a status conference to discuss amending the scheduling order in light of the reexamination.[3]

Dated: August 20, 2004

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

[3] Bayer's Motion for Reconsideration will be addressed after the reexamination.